UNITED STATES *v.* TAYLOR.

*(Circuit Court, S. D. Alabama. June 23, 1888.)*

1. PUBLIC LANDS — TRESPASS — RIGHT OF GOVERNMENT TO SUE — POSSESSION — HOMESTEAD.
   Possession by a homestead claimant, and a receiver's receipt issued since bringing the action, do not divest the government of possession or title, so that it cannot maintain an action of trespass for cutting timber on the land.

2. SAME—BURDEN OF PROOF.
   In an action brought by the United States for trespass committed on government lands, the burden of proof is on the government to show that the acts of trespass complained of were committed by defendant or by his command, or that they were done for his benefit, or with his knowledge and consent, and were subsequently ratified by him.

3. SAME—MEASURE OF PROOF.
   In such a case the acts need not be proved beyond a reasonable doubt, as in criminal cases. The proof need only be such as will reasonably convince the jury after applying the ordinary tests for the ascertainment of the truth.

4. SAME—EVIDENCE.
   In such a case, evidence that the employes of defendant, under his direction or superintendence, or that of his partner for their joint benefit, entered on the lands described in the complaint, and cut turpentine boxes in the trees thereon, or chipped such trees for turpentine purposes, or removed therefrom crude turpentine, is sufficient to warrant a verdict against defendant. But if defendant merely bought turpentine from homestead claimants, having nothing to do with hiring hands, or chipping trees, or dipping or hauling turpentine, further than to pay for this work at the request of said claimants, and deducting the amount so paid from the agreed price of the turpentine, defendant is not liable.

5. SAME—NOMINAL DAMAGES.
   In such a case, merely entering the land, and cutting boxes or chipping trees, and removing therefrom crude turpentine, entitles plaintiff to nominal damages, though no actual damages were done.

6. SAME—COMPENSATORY DAMAGES.
   In an action for cutting growing trees, if their value can be ascertained without reference to the value of the soil on which they stand, the measure of damages is the injury done them, and not the difference in value of the land before and after such injury.

**7.** SAME—EXEMPLARY DAMAGES.

In such a case the government is entitled to exemplary damages, if the going on the land and cutting and chipping the trees, or dipping and removing the turpentine, was done by defendant willfully, or if such acts were the result of a negligence so gross as to show willfulness or a reckless indifference to the rights of the government.[1]

**8.** EVIDENCE—ADMISSIONS.

Statements in writing of absent witnesses, introduced in evidence in a civil action under an admission that the witnesses, if present, would testify to the facts therein stated, are subject to contradiction, the same as though the witnesses had testified in open court.

**9.** JURY—CONFLICTING EVIDENCE—PROVINCE OF JURY.

Where there is a conflict of evidence it is the duty of the jury to reconcile it, if possible, so as to make all the witnesses speak the truth; but if this cannot be done, then the jury are to say which they will believe and which disbelieve, and in doing this they must consider how the evidence of the witnesses is corroborated by the facts and circumstances of the case; the interest and motives of the witnesses, and their means and opportunities of knowing what they have testified to.


At Law.

Action brought by the United States against E. S. Taylor for trespass on government land.

*John D. Burnett*, U. S. Dist. Atty., for plaintiff.

*R. H. Clarke* and *M. B. Kelly*, for defendant.


TOULMIN, J., (*charging jury.*) This suit is called an action of trespass, and is brought by the United States against the defendant to recover damages for trespasses alleged to have been committed by him in the years 1883 and 1884, on lands specifically described in the complaint, and belonging to the government of the United States. The United States charges the defendant with the trespass set forth in the complaint. He says he is not guilty of it. Under the plea of not guilty the government must be prepared to prove the commission by the defendant, his servants, employes, or agents, of the trespass of which it complains. It must be proved that the acts of trespass complained of were done by the defendant, or by his command, or that they were done for his benefit and with his knowledge and consent, and he subsequently adopted and ratified them.

It is not required that the acts of trespass should be proved beyond a reasonable doubt, as in a criminal case. This is a civil suit, and all that is required is that you should be reasonably convinced from the evidence in the case that the defendant is guilty. The plaintiff's case should be satisfactorily proved. It is not necessary that the proof should be conclusive, but must be such as to reasonably convince you. If your judgments are thus convinced, after applying the ordinary tests for the ascertainment of truth, it would be your duty to find a verdict against the

---

[1]As to when exemplary damages may be allowed, see Clarke v. Improvement Co., *ante.* 478, and note; Railroad Co. v. Roberts, (Ky.) 8 S. W. Rep. 459, and note; Railroad Co. v. Arnold, (Ala.) 4 South. Rep. 359; Webb v. Gilman, (Me.) 13 Atl. Rep. 688, and note; Railway Co. v. Garcia, (Tex.) 7 S. W. Rep. 802; Haines v. Schultz, (N. J.) 14 Atl. Rep. 488; White v. Stribling, (Tex.) 9 S. W. Rep. 81, and note.

defendant. If your judgments are not thus convinced, it would be your duty to return a verdict of not guilty.

Now, to enable a party to maintain an action of trespass, he must have either actual or constructive possession of the land trespassed on at the time of the trespass. Constructive possession is such as the law annexes to the title, and will authorize this action. It is undisputed that the United States had the title to the land described in the complaint at the time of the alleged trespass. But it is contended on the part of defendant that the United States were not in such possession of the homestead lands mentioned in the complaint as to entitle them to bring this suit; that the occupancy of said lands by the homesteaders spoken of in the trial gave them the possession, and deprived the United States of the right to bring this particular suit; and it is further contended by the defendant that the receipts of the receiver of the land-office, issued since this suit was brought, and which are submitted in evidence, divested the United States of the title to such homestead lands, and vested it in the homestead claimants, and that, for that reason, the United States are debarred from recovering, so far as the homestead lands are concerned. I charge you that the right of the homesteader is one of occupancy only, but with certain rights and privileges, subject to the right and duty of the government to protect and preserve the timber on the land. He is not in adverse possession of the land until he is vested with the title to it by the government. In the meantime he has the privilege of clearing it for cultivation, and of cutting the timber down for that purpose, and such timber may be sold if not needed for improvements; but if sale and traffic is the only reason for cutting the timber on the land, or for removing any material therefrom, the law would be broken, and the person would be a trespasser. Hence I charge you that the United States had, when this suit was brought, and now have, such possession as entitles them to maintain this action; that the receipts of the receiver of the land-office are not, of themselves, sufficient evidence that the government's title has been divested, and that it has vested in the homestead claimants. Until they have made the final proof and acquired the title,—that is, so fulfilled their obligations under the law as to entitle them to patents,—it is not allowable to them to cut the timber on the lands, or take any crude turpentine or other material therefrom for the purpose of sale or speculation. The certificate of the receiver and register would be sufficient evidence of their right to a patent, and would be a defense to this action so far as the homestead lands are concerned; but the receiver's receipt alone is not sufficient.

Any person who cuts or removes timber or other material, or who hires others to cut or remove timber or other material, or who incites or induces others to cut or remove timber or other material from government land, for his personal benefit or advantage, or for the purpose of gain, (except he has the right or permission to do so from the government) is a timber trespasser upon government lands. And any person who commits timber trespass upon government land is liable to civil suit for the value of the material taken, and the damages sustained by

the cutting of the timber.    Now, gentlemen, if you believe from the evidence that the employes of the defendant entered on the lands described in the complaint, or any of them, and cut turpentine boxes in the trees on such land, or chipped such trees for turpentine purposes, or removed therefrom crude turpentine, and this was done by his direction or superintendence, or by that of his partner for their joint benefit, it would be your duty to find him guilty in this suit.    If he had the right or permission from the government to do so, it devolved on him to show it. But, if you believe from the evidence that the defendant's arrangement with the homesteaders was simply to buy the turpentine from them, he having nothing to do with having the hands hired, or the trees chipped, or the turpentine dipped, or hauled from the land, further than to pay for this work at the request of the homesteaders, for and on their account and at their request, deducting the amount so paid from the agreed price of the turpentine, then he would not be liable in this suit as a trespasser on the homestead land.

The evidence before you, and which you are to be consider, is both of a positive and circumstantial character; and as a part of this evidence you have a statement in writing of what it is admitted certain absent witnesses would testify if they were present.    This admission is that, if the witnesses were personally present, they would testify to the facts stated.    This statement of the facts the witnesses would prove stands in the place, and is the substitute for, the oral testimony the witnesses would give if personally present.    The witnesses being personally present, the evidence given by them would be subject to contradiction, and the substitute for that evidence is equally open to contradiction.    There is some conflict of evidence in this case.    It is your duty to reconcile it if you can, so as to make all the witnesses speak the truth.    If you cannot do this, if you find it impossible to harmonize the testimony, then it is for you to say which you will believe and which you will disbelieve, which you will accept as true and act upon, and which you will reject. In determining this question, you will look at the other facts and circumstances as shown by the evidence, and see which of the witnesses has been corroborated or sustained by these facts and circumstances; what interest they have, or what motives actuate them in testifying one way or the other; what means and opportunities they had of knowing what they have testified to.    Now, when you have considered all these things, you say where the truth is; for you, gentlemen, are the exclusive judges of the sufficiency and weight of the evidence in this case.    You say what weight you will give it, both positive and circumstantial, and whether it is sufficient to reasonably satisfy you that the defendant had turpentine boxes cut or trees chipped on the lands described in the complaint, or any of them, and had removed therefrom the crude turpentine; and it would be equally a trespass if he entered on the land and chipped trees and removed therefrom crude turpentine which accumulated in boxes which had been before cut in the trees by other persons, if you should find from the evidence that there were any such.    Now, if you believe from the evidence that the defendant's employes entered on the

lands described in the complaint, or any of them, and cut boxes in the trees thereon, or chipped the trees, and removed the crude turpentine therefrom, nominal damages would be recoverable, even though no damage in fact was done. The theory of a suit like this is that the breaking of the "close" (as it is called) is the cause of action. Breaking into the close of another means an unauthorized intrusion into the land of another, and this will authorize nominal damages in any event; and any injury to the timber on the land, either by boxing or chipping or any removal of crude turpentine therefrom, merely enhances the damages, and all damages which naturally result from the wrongful act, and are directly traceable thereto, are recoverable. In an action for damages in cutting growing timber or trees the recovery is not limited to their actual value for firewood, turpentine purposes, or for timber or lumber purposes, but the actual injury to the estate by the cutting of the trees; and in determining the question it is proper to show the purpose for which the trees were designed and could have been used. If the trees, although they are part of the realty, have a value which can be accurately measured and ascertained without reference to the soil on which they stand, the recovery may be of the value of the trees destroyed, (if any were destroyed,) or of the injury done to them, and not for the difference in the value of the land before and after such injury. You determine the value of the trees after cutting and working, with reference to the peril to which they were then exposed from fire, ravages of worms, or decay, caused or traceable to the trespass of the defendant, if he committed any. The inquiry is, what is the amount of injury which the government has suffered from the whole trespass taken as a continuous act?—going on the land, cutting the trees, chipping them, and removing the crude turpentine therefrom, during the years 1883 and 1884.

Now, it is claimed here that the government is entitled to more than actual damages; that exemplary damages, or "smart money," as it is called, should be given. If the going on the land and cutting and chipping the trees, or the dipping and removing of the turpentine, was done by the defendant willfully, or as the result of negligence so gross as to show willfullness or a reckless indifference to the rights of the government, you may, in your sound discretion, go beyond the boundary of mere compensation for the injury done, and award exemplary damages. Now, gentlemen, take the case. Ascertain from the evidence what the truth is as to the guilt or innocence of the defendant, and as you find that truth so let your verdict be. And if you find the defendant guilty, say by your verdict what damages the government is entitled to recover from him for the injury done.