LEWIS ET AL. v. THE COUNCIL BLUFFS INSURANCE COMPANY.

1. **Insurance**: VIOLATION OF CONDITION OF POLICY BY THE ASSURED: WAIVER BY COMPANY. A policy of insurance provided that, if the assured was not the sole, absolute, and unconditional owner of the property, the fact must be made known to the company and expressed in the written part of the policy. It afterwards appeared that the assured had executed a chattel mortgage upon the property prior to the date of the policy, but that, about ten days after that date, the company caused an endorsement to be made on the policy, making the loss, if any, payable to the mortgagees, as their interest might appear; *held* that by this indorsement, and by permitting the policy to stand thereafter, the company waived their right, after loss had occurred, to declare the policy forfeited for the breach of the condition.

2. ———: ———: POLICY FORFEITED. Where a policy of insurance provided that "all frauds, or attempts at fraud, by false swearing or otherwise, shall cause a forfeiture of all claims on this company under the policy," and, though the property was mortgaged to others, to whom the loss, if any, was payable as their interest might appear, the assured, nevertheless, by applications under oath, demanded the whole amount of the policy, claiming that they were entitled to receive it, *held* that this was an attempt at fraud, which avoided the policy under said condition—and that, too, though another condition of the policy required the party originally insured to make proof of the loss.

*Appeal from Pottawatamie District Court.*

WEDNESDAY, APRIL 9.

ACTION upon a policy of insurance. There was a judg-ment upon a verdict for plaintiffs. Defendant appeals.

*Sapp & Lyman*, for appellant.

*Wright & Baldwin*, for appellees.

BECK, J.—I. The policy upon which the action is brought obligates defendant to pay to plaintiffs all loss resulting from fire, to the amount of twelve hundred dollars, upon the property and in the sums described and specified by the following language:

1. INSURANCE: violation of condition of policy by assured: waiver by company.

" $150 on stock of wines, liquors and cigars.

" $200 on bar and bar furniture and fixtures.

" $50 on ice cooler.

" $750 on billiard and pool table.

" $50 on pictures and their frames (in case of loss not to exceed their actual cash value). All contained in the one story frame, shingle roof building, situated on the east side of Main street, No. 626, Council Bluffs, Iowa."

The instrument contains the following, among other conditions:

(1) " If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured,   *   *   * it must be so represented to the company, *and so expressed in the written part of the policy*, otherwise the policy shall be void.

(2) " Any omission to make known every fact material to the risk, or any over-valuation, or any misrepresentation whatever, either in a written application or otherwise;

(3) " Or if the property be sold or transferred, or if any change takes place in title or possession, whether by legal process, judicial decree or voluntary transfer or conveyance, it shall render the policy void.

(4) " If this policy is made payable, in case of loss, to a third party, or held as a collateral security, the proof of loss shall be made by the party originally insured, unless there has been actual sale of the property insured.

(5) " All frauds or attempt at fraud, by false swearing or otherwise, shall cause a forfeiture of all claims on this company under the policy."

Violations of these conditions were, with other matters, pleaded as defenses to the action.

II. The evidence discloses that the assured, prior to the issuing of the policy, had executed a chattel mortgage upon the pool tables covered by the contract of insurance, to the J. M. Brunswick & Balke Co., and

THE SAME.

there is no evidence tending to show that defendant, when the policy was issued, was informed of the incumbrance, which then and up to the trial was a lien upon the property. It is insisted by defendant that, under the first condition of the policy above set out, the contract is avoided by the incumbrance. It is, however, shown that, about ten days after the policy was executed, and more than two and a half months before the loss, the defendant, by its secretary, made and signed an indorsement thereon in the following language, viz: "Loss, if any, on pool tables payable to the J. M. Brunswick & Balke Co., as interest may appear."

While the indorsement does not show the interest in the property held by the parties mentioned, yet it does show that they did hold an interest therein, and that plaintiffs did not hold " the entire, unconditional and sole ownership of the property." The defendant was advised of this fact by the indorsement, and the condition requires nothing more ; it does not provide that the defendant shall be informed of the extent and nature of the interest held by persons other than the assured, but simply that the assured do not hold the "entire, unconditional and sole ownership" of the property. We are of the opinion that, by permitting the policy to stand without objection or claim that its terms were violated by the failure of the plaintiffs to communicate information of the existence of the incumbrance when the policy was issued, the defendant waived the breach of the condition. The act of making the indorsement recognized the existence and validity of the contract. It could not have been made without the defendants obtaining knowledge that the assured did not hold the entire and unconditional ownership of the property. By this recognition of the validity of the policy, with this knowledge, there was a complete waiver of the right to declare the instrument forfeited for the breach of the condition. An instruction to the jury to the effect that the existence of the mortgage did not avoid the policy, is correct.

III.  Under the indorsement of the policy, the J. M. Brunswick & Balke Co. were entitled to recover from defend-

2 ——: ——: ant the amount due on their mortgage, upon the policy for- feited. happenings of the loss.  This the court below held in the instructions.  The plaintiffs made two separate applications under oath for the whole amount due from defendant on account of the loss, claiming that they were entitled to recover it ; and they have brought this action to recover it.  They cannot now claim that they did not know that the Brunswick & Balke Co. was entitled to receive and recover the amount due on their chattel mortgage.  Had they been successful in their claim, defendant would have been defrauded.  It follows that the making of these claims was an attempt to defraud, which, under the express words of the fifth condition above quoted, avoids the policy.

IV.  The fourth of the conditions above set out require the party originally insured to make proof of loss.  But this does not mean that he may claim and recover THE SAME. as his own the full amount of the loss.  While making proof of the loss, he should show the interest held by others under assignments or indorsements, to the end that the defendant could pay those entitled to payment.  The court should have presented to the jury in proper instructions the rules and principles involved in these views.  The instructions given on this branch of the case are in conflict therewith, and are, therefore, erroneous.

Other questions discussed by counsel, upon one of which we are not wholly agreed, need not be considered, as the points we have determined are decisive of the case.  On account of the errors pointed out, the judgment of the district court is

REVERSED.