[No. 14602.  In Bank. — May 5, 1892.]

W. H. MURRAY, RAMIE COMMISSIONER, ETC., APPEL-
LANT, *v.* E. P. COLGAN, STATE CONTROLLER, RE-
SPONDENT.

CONSTITUTIONAL LAW — ACT TO ENCOURAGE CULTIVATION OF RAMIE —
DISTINCT ITEMS OF APPROPRIATION. — The act of the legislature of
March 31, 1891 (Stats. 1891, p. 283) entitled "An act to encourage the
cultivation of ramie in the state of California, to provide a bounty for-
ramie fiber, and to make an appropriation therefor; to appoint a state
superintendent of ramie culture, and make an appropriation for his
salary," — is unconstitutional, as being in violation of section 34 of article
IV. of the constitution, providing that no bill making an appropriation of
money, except the general appropriation bill, shall contain more than
one item of appropriation, and that for one single purpose.

ID. — GENERAL PURPOSE OF DISTINCT APPROPRIATION — CONSTRUCTION OF
CONSTITUTION. — The fact that an act making two or more distinct ap-
propriations has but one general purpose, and that the distinct appro-
priations subserve that general purpose, will not render it consistent
with the constitution, which forbids more than one item of appropriation
in the same bill for any one purpose, and requires the one item to be
"for one single and certain purpose."

APPEAL from a judgment of the Superior Court of
Sacramento County.

The facts are stated in the opinion.

*Ash & Matthews,* and *W. H. Murray, in pro. per.,* for
Appellant.

*Barham & Bolton,* for Respondent.

VANCLIEF, C. — This was an application to the superior
court of the city and county of Sacramento by the appel-
lant, who, pursuant to an act of the legislature of March
31, 1891 (Stats. 1891, p. 283) was appointed state super-
intendent of ramie culture, for a writ of mandate to re-
spondent, state controller, requiring him to draw his
warrant for the salary of the appellant. A demurrer to
the application was sustained upon the sole ground that
the appropriation for the payment of such salary is in
violation of section 34 of article IV. of the constitution,
which reads as follows: "No bill making an appropria-

tion of money, except the general appropriation bill, shall contain more than one item of appropriation, and that for one single and certain purpose to be therein expressed." As no amendment of the application could avoid this ground of objection, judgment passed for defendant; and plaintiff brings this appeal therefrom.

The title of the act making the appropriation is as follows: "An act to encourage the cultivation of ramie in the state of California, to provide a bounty for ramie fiber, and to make an appropriation therefor; to appoint a state superintendant of ramie culture, and make an appropriation for his salary."

The first section of the act appropriates ten thousand dollars "for the purpose of encouraging the cultivation of ramie in the state of California."

The second section provides that this appropriation shall be under the control of the state board of agriculture, and may be expended "either for the purchase of ramie roots for free distribution to farmers, or in the payment of a bounty for merchantable ramie fiber; but no greater sum than one thousand dollars shall be paid in any one year for the purchase of ramie roots, and no greater amount than one cent per pound shall be paid as a bounty for merchantable ramie fiber."

The third section directs the controller to draw his warrants upon the state treasurer in favor of the state board of agriculture, or the proper officers thereof, in the same manner as other appropriations are drawn upon and paid to the state board of agriculture.

The fourth section provides for the appointment by the state board of agriculture of a state superintendent of ramie culture, whose salary shall be one hundred dollars per month, to be paid by the state treasurer in the same manner as the salary of other state officers are to be paid, and prescribes his duties.

The fifth section appropriates two thousand four hundred dollars, for the payment of the salary of the state superintendent of ramie culture during two specified years.

The act certainly does contain two distinct items of appropriation, payable to different persons, and for expressly different special purposes, distinctly stated in both the title and the body of the act; and there is no pretense that it is a general appropriation act.

It is claimed by appellant, however, that the act has but one general purpose, and that the two appropriations subserve this general purpose, viz., "to encourage the cultivation of ramie in the state of California." Conceding this, still the constitution prohibits more than one item of appropriation in the same bill for any *one* purpose; and in addition to this, requires the one item to be "for one single and certain purpose." To permit numerous appropriations for different specific purposes, more or less promotive of some general purpose, would not only be opposed to the plain literal meaning of the section of the constitution under consideration, but would evade and defeat any conceivable effect of that section which the framers of the constitution can be presumed to have intended. Indeed, the intention of the section is too plainly expressed to admit of construction, whatever may be thought of its policy.

I think the demurrer was properly sustained, and that the judgment should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.