[L. A. Nos. 514 and 611.  Department Two.—September 14, 1899.]

KATE SONOMA WILLIAMS et al., Respondents, v. J. W. CASEBEER, Appellant.

MALICIOUS PROSECUTION—SUING OUT WARRANT OF ARREST—HUSBAND AND WIFE—JOINDER OF CAUSES—SEPARATE ACTIONS.— Upon a malicious suing out of a warrant of arrest of a husband and wife, upon a criminal charge without probable cause, each has a separate right of action for the malicious prosecution, and they cannot unite their separate causes of action in one complaint, but each must bring a separate action for damages.

ID.—ACTION BY WIFE—HUSBAND A NECESSARY PARTY—DAMAGES— COMMUNITY PROPERTY—JOINT RECOVERY.—The wife cannot sue alone for the malicious prosecution against her, her husband being a necessary party coplaintiff with her; and, as the damages recovered for the injury resulting to the wife are community property, the verdict and judgment for such injury may properly be given in favor of the husband and wife jointly.

ID.—PLEADING—JOINT ARREST—MATTER OF INDUCEMENT—UNCERTAINTY.—Where the complaint by the husband and wife sufficiently shows that the injury sustained by the malicious prosecution of the wife is the basis of the action, the complaint may properly state the facts connected with the suing out of the

warrant of arrest of the husband and wife, as matter of necessary inducement, and is not objectionable for uncertainty in so doing.

Id.—Review upon Appeal—Uncertainty not Misleading.—The judgment will not be reversed upon appeal for uncertainty of the complaint alone, where the answer and trial show that the defendant could not have been misled thereby to his injury.

Id.—Demurrer for Uncertainty—Statement of Particulars.—A demurrer cannot be sustained for uncertainty as to any matter in reference to which no particular grounds of uncertainty are stated.

Id.—Demurrer for Misjoinder—Support of Ground not Alleged. The misjoinder of parties is a distinct ground of demurrer from the misjoinder of causes of action; and when one of these grounds is stated alone, the demurrant will not be permitted to support the demurrer upon facts showing the ground of demurrer which is not alleged.

Id.—Admission of Defendant—Testimony at Preliminary Examination—Mode of Proof.—An admission of the defendant, made in his testimony given at the preliminary examination of the plaintiffs after their arrest by him, may be proved by the evidence of anyone who heard the testimony, and need not be proved by the shorthand notes of the examination.

Id.—Charge of Stealing Deeds—Evidence—Record of Deeds.— Where the defendant sued out a warrant for the arrest of the plaintiffs upon a charge of larceny in stealing deeds, evidence is admissible to show that the deeds were recorded at the request of the defendant prior to the alleged larceny, as tending to show that the defendant acted maliciously in charging the larceny of deeds belonging to others and not to him.

Id.—Delivery of Letter and Telegram Prior to Arrest—Declaration of Telegraph Operator—Hearsay—Harmless Ruling.—Where the defendant testified that he sent a letter and telegram to the plaintiffs before suing out the warrant of arrest, informing them that he would act on their failure to reply, evidence that the operator informed him that the telegram had been delivered is admissible on the question of malice and probable cause, and should not be stricken out as hearsay; but its exclusion is not prejudicial error where plaintiffs testified that the letter and telegram were received before the arrest.

Id.—Striking out Evidence—Presumption as to Ground.—Where a motion to strike out evidence is granted, it must be presumed to have been stricken out on the ground stated, and the ruling cannot be sustained upon a different ground not stated.

Id.—Evidence of Another Offense—Remote Transactions.—Evidence of another offense cannot be given, unless there is some clear connection between the two offenses by which guilt of the one may be reasonably inferred from guilt of the other; and a defendant sued for a malicious arrest of the plaintiffs upon a

charge of grand larceny cannot prove that, some ten years prior thereto, defendant had reason to suspect that plaintiffs took some of his property.

ID.—DECLARATIONS OF DEFENDANT TO HIS ATTORNEY.—The attorney of the defendant cannot be permitted to testify to statements made to him by the defendant in the absence of the plaintiffs. Such declarations are self-serving and inadmissible.

ID.—INSTRUCTIONS—REQUESTS BY PARTIES—GENERAL EXCEPTION.— A specific exception is only required to be taken to the charge of the judge given upon his own motion; and a general exception is sufficient in case of special instructions asked by the parties, and given or refused by the court.

ID.—ADVICE OF COUNSEL—SUBSEQUENT ACTION IN GOOD FAITH.—An instruction requiring that the defendant, in order to be shielded from a malicious prosecution by the advice of counsel, shall subsequently act in good faith upon the advice given, after having first fairly and fully stated to the attorney all the material facts then known to the defendant, is not erroneous in such requirement.

ID.—GOOD STANDING AND RESPECTABILITY OF COUNSEL—INSTRUCTION NOT PREJUDICIAL.—The requirement in an instruction as to the advice of counsel, that the facts must be stated "to a respectable attorney, in good standing," is not prejudicial, when it appears that the facts were stated to a former district attorney, who must have been admitted to the bar upon strict examination and testimonials of good character, and who was proved, without conflict, to be a respectable attorney in good standing.

ID.—BURDEN OF PROOF—STATEMENT OF DEFENDANT TO COUNSEL— MALICE AND WANT OF PROBABLE CAUSE.—The burden of proof is upon the defendant to show that he fully, fairly, and in good faith stated to his counsel all the material facts; and there is no conflict between this rule and that requiring the plaintiff to show by a preponderance of evidence that the plaintiff was arrested maliciously and without probable cause.

ID.—ADVICE OF POLICE JUDGE—FRAME OF INSTRUCTION.—An instruction as to acting upon the advice of a police judge should be framed upon the same general lines as one relating to the advice of an attorney. A police judge need not be a lawyer in order that his advice may exonerate, nor should a requested instruction assume without proof that he was a practitioner of the law; but it must state that the advice must have been based upon a full, fair, and honest statement by defendant of all the material circumstances within his knowledge at the time, bearing upon the supposed guilt of the plaintiff.

ID.—EXCESSIVE VERDICT.—A verdict for the plaintiffs in the sum of two thousand dollars, in an action for malicious prosecution, cannot be set aside as excessive where it does not appear from the record to have been given under the influence of passion or prejudice, but the facts appearing show that the prosecution was malicious and unjustifiable.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. S. Day, Judge.

The facts are stated in the opinion.

B. F. Thomas, and J. W. Taggart, for Appellant.

It was error to instruct that the attorney giving the advice must have been "respectable and of good standing." The good faith of counsel in giving the advice is not an element in the problem. (*Sandell v. Sherman*, 107 Cal. 397; *Potter v. Seale*, 8 Cal. 218, 225.) The advice of a magistrate is a sufficient shield. (*Hahn v. Schmidt*, 64 Cal. 284; *Ball v. Rawles*, 93 Cal. 235; 27 Am. St. Rep. 174.) The advice of counsel is directly responsive to the issue of probable cause. (*Levy v. Brannan*, 39 Cal. 489; *Hahn v. Schmidt, supra.*) The verdict was excessive. The actual damage did not exceed one hundred and twenty-five dollars, and five hundred dollars would have been ample for wounded feelings.

S. E. Crow, and William J. Hunsaker, for Respondents.

The instruction that the counsel whose advice may protect should be that "of a respectable attorney at law and of good standing," was harmless, under the proof made; but it was not erroneous. (*Sandell v. Sherman*, 107 Cal. 391; 14 Am. & Eng. Ency. of Law, 53, note 2, p. 56; Townshend on Slander and Libel, sec. 427; *Brewer v. Jacobs*, 22 Fed. Rep. 217, 227; *Clement v. Major*, 8 Colo. App. 86; *Williams v. Vanmeter*, 8 Mo. 339; 41 Am. Dec. 644; *Hamilton v. Smith*, 39 Mich. 222; *Roy v. Goings*, 112 Ill. 656, 664; *Skidmore v. Bricker*, 77 Ill. 164.) The verdict of two thousand dollars in this case is not excessive. (*Howland v. Oakland Street Ry. Co.*, 110 Cal. 513; *Wilson v. Fitch*, 41 Cal. 363; *Boyce v. California Stage Co.*, 25 Cal. 460; *Weaver v. Page*, 6 Cal. 681; *Russell v. Dennison*, 45 Cal. 337; 50 Cal. 243; *Phelps v. Cogswell*, 70 Cal. 201; *Arzaga v. Villalba*, 85 Cal. 191; *E. & T. H. R. Co. v. Talbot*, 131 Ind. 221; *Clarke v. Am. D. & I. Co.*, 35 Fed. Rep. 478; *Spear v. Hiles*, 67 Wis. 350; *Gulf etc. Ry. Co. v. James*, 73 Tex. 12; 15 Am. St. Rep. 743; *Ross v. Innis*, 35 Ill. 487; 85 Am. Dec. 373.)

CHIPMAN, C.—Action for malicious prosecution. Trial by jury, and plaintiffs had the verdict with damages assessed at two thousand dollars, for which amount and for costs of suit, taxed at one hundred and sixty-two dollars and eighty cents, plaintiffs had judgment. Defendant appeals from the judgment in L. A. No. 514, and from an order denying motion for new trial in this transcript, L. A. No. 611. The two appeals will be considered in this opinion.

It is sought to have the judgment and order reversed on the grounds: 1. Insufficiency of the evidence to justify the verdict; 2. That the judgment and verdict are against law; 3. Errors of law occurring at the trial; 4. Excessive damages given under the influence of passion and prejudice.

1. Appellant demurred to the complaint for uncertainty, and now urges this as ground for reversal of the judgment (L. A. No. 514). In the first three paragraphs of the complaint it is alleged that: Plaintiffs are husband and wife; on June 12, 1897, at the city of Santa Barbara, defendant made complaint before the judge of the police court of that city, charging plaintiffs with the crime of grand larceny, and then and there procured said judge to issue a warrant of arrest of plaintiffs upon said charge; in making said complaint and procuring said warrant to issue defendant acted maliciously and without probable cause. In the remaining portions of the complaint it is charged that plaintiff, Mrs. Williams, was arrested on said warrant at Los Angeles, on June 14, 1897, by the sheriff of Santa Barbara county, and was imprisoned thereunder in the county jail of Los Angeles county, and was taken thence by said sheriff to Santa Barbara, and was there detained in his custody, under said warrant of arrest, until June 17, 1897, when she was allowed to go without bail to appear for her examination before said judge upon said charge until June 18, 1897, on which day her preliminary examination was commenced and the hearing thereof continued until June 19, 1897, on which last-named day she was fully acquitted. It is then alleged that, by reason of the aforesaid malicious and wrongful acts of the defendant, the plaintiff, Kate Sonoma Williams, was obliged to expend the sum of thirty-seven dollars and fifty cents as attorney's fees in defending said proceeding, was put to loss of time during the

time of said arrest and detention, to her damage in the sum of fifty dollars, and was otherwise damaged thereby in the further sum of ten thousand dollars, no part of which sums has been paid. The uncertainty alleged of the complaint. is: 1. It is impossible to ascertain therefrom whether the ten thousand dollars damages is by reason of the arrest of Mrs. Williams, or by reason of the filing of the complaint against both Mr. and Mrs. Williams; that it is impossible to ascertain therefrom what portion, if any, of said damages were incurred by reason of filing the complaint against Mr. Williams, and what portion, if any, by reason of the arrest of Mrs. Williams; or whether the damages alleged are, by reason of the filing of a joint complaint against both husband and wife, or whether the damage is for the separate arrest of Mrs. Williams; that it is impossible to determine therefrom in what proceeding Mrs. Williams "expended the sum of thirty-seven dollars and fifty cents as attorney's fees in defending—whether said joint complaint against both said plaintiffs or in the matter of the arrest of Kate Sonoma Williams." A misjoinder of parties plaintiff is alleged in this, that Mrs. Williams seeks to recover fifty dollars damage for loss of time to her, and it is sought in the same complaint to recover on a joint cause of action upon the arrest of both Mr. and Mrs. Williams. The verdict was that the jury "find for the plaintiffs and assess their damages at the sum of two thousand dollars," and the judgment was that "Kate Sonoma Williams and her husband, I. B. Williams, have and recover from said J. W. Casebeer," et cetera.

There was a right of action for malicious prosecution in each of the plaintiffs, but they could not unite their separate causes of action in one complaint and sue jointly; each was compelled to bring a separate action; but Mrs. Williams could not sue without making her husband a party plaintiff. (Code Civ. Proc., sec. 370; *McFadden v. Santa Ana etc. Ry. Co.,* 87 Cal. 464.) Damages for personal injury to the wife, when recovered in money, are community property of the husband and wife, and in such a case as this the verdict and judgment may properly be given in favor of the husband and wife jointly. (*Neale v. Depot Ry. Co.,* 94 Cal. 425.) There was, therefore, no misjoinder of parties plaintiff. Appellant contends that he should

not lose the benefit of his demurrer as to the fifty-dollar item because he alleged a misjoinder of parties, whereas he should have alleged a misjoinder of causes of action. The code enumerates certain distinct causes for demurrer. Misjoinder of parties is one, and improperly uniting several causes of action is another. The demurrant will not be permitted to support one of these grounds not alleged by facts stated in support of another and distinct ground which is alleged. Upon the ground of uncertainty, there are no particulars stated showing wherein the complaint is uncertain as to this item of fifty dollars. We think there is no ground of demurrer to this item sufficiently sustained. Nor do we think the ground of uncertainty in other respects sufficiently sustained to warrant a reversal of the judgment. The pleader, in drawing the complaint, was obliged to unite the husband as a party plaintiff; he was also compelled to state, what was the fact, that defendant made a complaint charging them jointly with the alleged larceny, and caused their arrest thereunder upon a single warrant of arrest; and the pleader could not well do otherwise than allege that the complaint was made and the warrant was issued maliciously and without probable cause. Thenceforward, the complaint in this action deals exclusively with the single plaintiff, Mrs. Williams, and the name of the husband is not again mentioned; and it nowhere appears in the complaint that Mr. Williams was arrested or an examination had as to him by the police judge. The allegation "that by reason of the aforesaid malicious and wrongful acts of the defendant, the plaintiff, Kate Sonoma Williams, was obliged," et cetera, can, in view of the entire complaint, refer only to the acts as they affected the one plaintiff in whose behalf the suit is brought. The complaint made by defendant and the warrant issued thereon were essential to be alleged and proved; and to avoid the possible objection on the ground of variance, as well as to state the facts as they existed, it was proper, as necessary inducement, to set forth the making of the complaint and the issuing of the warrant just as the facts occurred, and that made necessary the allegations in the first three paragraphs of the plaintiffs' complaint. No one reading the complaint could be misled into the belief that the pleader intended to combine two causes of action or to state

any cause of action other than that sustained by Mrs. Williams by reason of her malicious prosecution. The answer and the trial clearly enough show that defendant could not have been misled to his injury, in which case the judgment will not be reversed for uncertainty of the complaint alone.

The allegation as to the thirty-seven dollars and fifty cents paid as attorneys' fees shows that the money was expended. by Mrs. Williams, and that in alleging that it was "in defending said proceedings" reference was made to the proceedings upon the preliminary examination as to her. It does not appear in the complaint that her husband was ever arrested or was ever called upon to make any defense.

2. Appellant claims that the evidence does not justify the verdict. This point is not specially relied on, and we do not feel called upon to review the evidence in the case.

Counsel for defendant do not, in their brief, attempt to show wherein it is insufficient to sustain the verdict. We have, however, given the transcript careful examination, and think the evidence fully warrants the verdict of want of probable cause for the arrest and the subsequent prosecution of plaintiff.

3. Appellant assigns certain errors of law in the admission or exclusion of testimony. We will notice these briefly. It was competent to prove by the witness, Mrs. Williams, that defendant admitted at the preliminary examination the authorship of a letter and telegram caused to be written by defendant and sent to plaintiffs June 11, 1897. The shorthand notes of the examination were not the only competent evidence of the fact. If witness heard defendant make the admission, she could so testify.

Copies of the two deeds alleged to have been stolen were admitted in evidence over defendant's objection. One of these deeds was made by defendant in 1895 to a minor daughter of plaintiffs, the consideration being love and affection, and was recorded some months before plaintiffs were arrested. The other is a deed from one Robinson to I. B. Williams, one of plaintiffs, and was recorded at the request of defendant. It is claimed by defendant that possession alone of the original deeds, charged to have been stolen, was at issue, and that it was immaterial whether the deeds had been recorded or not.

The record of these deeds, which were recorded some time before this trouble, was admissible as tending to show ownership in some person other than defendant—not conclusive by any means —but in some degree showing that he acted maliciously in charging larceny of property not belonging to him.

Defendant, as a witness for himself, had testified that he got no answer to his letter and telegram sent plaintiffs June 11th, and added: "I went to the office, and the lady operator told me that it had been delivered." On motion of plaintiffs, the remark of the operator was stricken out as hearsay. Defendant claims that this was error. The answer was not in response to the question, but the objection was not made on that ground. It may be, as claimed by plaintiffs, that if the evidence was not admissible, the court could, on its own motion, strike it out, though the ground of the objection was not sufficient. But the court did not so act; it granted the motion as made, and it must be presumed on the ground stated. We think the evidence was admissible. It in some degree tended to rebut the charge of malice, and also bore upon the question of probable cause. Defendant had informed plaintiffs that he would act upon their failure to reply, and we think it was competent for him to show that before he acted he was informed that the telegram had been delivered. The evidence, however, was not of such significance or importance as that its rejection would warrant a reversal of the judgment. We cannot see that defendant was prejudiced because this fact was withheld from the jury. It appeared by the evidence of plaintiffs that the telegram was received before their arrest, and that plaintiffs did not in fact answer it, and the undisputed testimony of defendant was that he did not lodge his complaint with the police court until after he was led to believe that the message had been delivered, and not until on the next day, and after he had advised with an attorney. Under these circumstances, it would not seem reasonable to assume that the jury were in the slightest degree influenced to defendant's prejudice by the ruling of the court upon the matter in question.

Defendant offered evidence of certain transactions between the parties and their relations ten years before this arrest. Counsel stated that it was "for the purpose of showing the condition,

a similar condition to that which existed at the time of this occurrence, thereby showing motive and right upon the part of the complainant in this criminal action to assume that the going was of the same character as of that time."

Defendant claims that this evidence should have been admitted upon the principles laid down in *Lyon v. Hancock*, 35 Cal. 372. We find nothing in that case warranting the admission of evidence so remote, and relating to entirely different transactions. If it were true that plaintiffs left defendant's house ten years before this occurrence, and that he had reason to suspect that they then took some of his property, it would not tend to prove guilt at this time, or tend to show that he had probable cause at this time for believing them guilty. What took place so long ago was too remote, and, besides, was collateral and not relevant to any issue then before the court. We see no reason why the rule where the defendant is on trial for larceny should not apply, which is that evidence of other larcenous acts is not admissible. (*People v. Hartman*, 62 Cal. 562.) Evidence of another offense cannot be given, unless there is some clear connection between the two offenses by which it may be reasonably inferred that if guilty of the one the defendant is guilty of the other. (*People v. Lane*, 100 Cal. 379.)

Defendant's attorney testified that some time after this action was commenced defendant delivered to him certain of the papers he had charged plaintiffs with stealing. The court refused to allow the attorney to testify to statements made by defendant to his attorney at that time in the absence of plaintiffs. The ruling was correct. Defendant could not strengthen his defense in this manner. His declarations to his attorney were self-serving and inadmissible.

4. The exception taken to the instructions given at the request of the plaintiffs was as follows: "To all of which instructions defendant duly excepted." Respondents make the point that the exception was insufficient because it was general. The rule relied upon applies only to the charge of the judge, and does not apply to the special instructions asked by the parties and given or refused by the court, concerning which a general exception is sufficient. (*Cavallaro v. Texas etc. Ry. Co.*, 110 Cal. 348; 52 Am. St. Rep. 94.)

5. Appellant questions the correctness of certain instructions given, and objects that a certain instruction asked by him was refused.

Several instructions were given as to the law touching defendant's liability in view of his having consulted counsel before causing the arrest of plaintiffs. In one of these the court said: "Before the defendant can shield himself by the advice of counsel, it must appear from the evidence that he made, in good faith, a full, fair, and honest statement of all the material circumstances bearing upon the supposed guilt of the plaintiff, Kate Sonoma Williams, which were then within the knowledge of defendant, to a respectable attorney in good standing, and that the defendant, in good faith, acted upon the advice of said attorney in instituting and carrying on the prosecution against plaintiff."

Appellant contends that the instruction puts upon the defendant and the jury the necessity of trying the respectability and standing of the attorney; and that the instruction goes beyond the institution of the action and "requires the same careful disclosure of all the facts in 'carrying on' the prosecution, to a 'respectable attorney of good standing.'" The instruction does not require that defendant shall continue to take advice of counsel during the subsequent prosecution; it requires that he shall subsequently act in good faith upon the advice given, after first having fully and fairly stated to the attorney all the material facts then known to defendant; and this he should do, or the advice will not shield him. Conceding error in other respects—which we by no means wish to be understood as deciding—it was without injury, for it appeared that defendant consulted a former district attorney, Mr. A. E. Putnam, who testified: "My occupation is attorney at law; have been engaged in the profession of attorney at law about fifteen years." He could not be district attorney without having been admitted to practice in the superior court, and, as the code formerly provided (and now provides) he could not be admitted to practice in the superior court except "upon strict examination in open court, . . . . and upon testimonials of good character." (Code Civ. Proc., sec. 276, prior to the amendment of 1895.) It sufficiently appeared that the requirements of the

instruction were supplied by the evidence, and, as it was un-disputed, we do not think the jury could have been misled to defendant's injury, even if they understood the instruction to mean what defendant claims for it.   There was some evidence tending to show that Mr. Putnam was a respectable attorney in good standing, and, as no other conclusion could be arrived at upon the evidence, the instruction, if error, will not justify a reversal.   (*Pico v. Stevens,* 18 Cal. 377.)

It was proper to instruct the jury that the burden of proof was upon defendant to show that he "fully and fairly and in good faith stated to his counsel all the material facts," et cetera. There was no conflict between this instruction and a previous one where the court had charged that it was encumbent upon plaintiffs to show, by preponderance of evidence, that the plain-tiff, Mrs. Williams, was maliciously and without probable cause prosecuted and caused to be arrested, et cetera.

Defendant asked and was refused the following instruction: "Taking the advice of the police judge, particularly where he is also a practitioner of the law, under the same circumstances as heretofore stated, before filing the complaint in the action in the police court, is to be considered by you in the same man-ner and with the same weight as consulting an attorney at law."

It is claimed upon the authority of *Hahn v. Schmidt,* 64 Cal. 284, and *Ball v. Rawles,* 93 Cal. 222, 27 Am. St. Rep. 174, that this instruction should have been given.   It was held in *Ball v. Rawles, supra,* "that the advice of a justice of the peace, upon the facts stated to him by the complainant that a crime had been committed, and upon which he issued a warrant of arrest, is sufficient to exonerate the complainant from liability for the arrest."   If the instruction had been properly drawn to meet the law of the case cited, it should have been given.   But it is uncertain in its meaning and assumes a fact not proven, to wit, that the police judge was "a practitioner of the law."   There was no evidence showing that to have been the fact; and while his advice and the issuance of the warrant as police judge would have been equally available to defendant if he were not a lawyer, it was error to introduce into the instruction a statement of fact which did not exist.   The phrase "under the same circumstances heretofore stated" left in doubt the facts to which the instruc-

tion alluded. None were stated in the instruction, and none definitely referred to. The instruction should have been framed upon the same lines as the one relating to the advice of an attorney. The instruction fails to state the important fact that, to shield the defendant, the advice of the police judge must be based upon a full, fair, and honest statement by defendant of all the material circumstances within the knowledge of the defendant at the time bearing upon the supposed guilt of plaintiff.

6. We do not think the judgment should be reversed as excessive. There is nothing in the evidence which shows the verdict to have been given under the influence of passion or prejudice. The evidence tends to show that the arrest was made after a hasty and imperfect search for the property alleged to have been stolen, and that the criminal proceeding was prosecuted with much bitterness by defendant, and that he withheld from the court the fact that he had found some of the property after the arrest, and had it in his possession at the trial. He permitted the impression to go out that he had not found the property; and, in the course of his examination as a witness, he declared with much emphasis: "There is not anything I would not do that would injure them except to commit perjury."

There was evidence tending to show that he had purchased the sewing-machine for and had given it to his daughter; that the chickens were her own, either bought with her own money or raised by her; that the deeds to which he attached the value of four thousand eight hundred dollars were in his possession before and at the trial of the criminal action, but the fact was withheld from the jury. And it appeared at this trial that he, subsequent to the criminal trial, found the notes and mortgages which he charged plaintiff with stealing.

I advise that the order refusing motion for new trial be affirmed.

Britt, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order refusing motion for new trial is affirmed.

Henshaw, J., McFarland, J., Temple, J.