[Civ. No. 347.    Third Appellate District.—September 7, 1907.]

# H. T. MILLER and J. JOHANSEN, Respondents, v. FIRE-MAN'S FUND INSURANCE COMPANY OF SAN FRANCISCO, Appellant.

FIRE INSURANCE—PLEA OF FALSE STATEMENT IN POLICY—VALUE OF PROPERTY—CONCLUSIVENESS OF VERDICT.—In an action upon a fire insurance policy where the insurance company pleaded a willfully false and fraudulent statement of the value of the property insured, and there was evidence that the property was as valuable as it was represented to be, that the agent of the insurance company was familiar with the property and prepared the application fixing its insurable value, and that the company afterward requested the insured to have the amount of insurance increased, notwithstanding conflicting evidence to the contrary, the verdict for the plaintiffs is conclusive upon appeal upon that question.

ID.—FALSE STATEMENTS IN PROOFS OF LOSS—KNOWLEDGE OF FALSITY—INTENTION TO DEFRAUD—QUESTION FOR JURY.—Though willfully false statements in the proofs of loss avoid the policy when it so provides, yet an untrue statement, to have that effect, must have been knowingly and intentionally made by the insured with knowledge of its falsity, and with the intention of defrauding the company. Whether a false statement was so made is a question of fact for the jury.

ID.—PRESUMPTION OF MISTAKE OR MISAPPREHENSION.—If such a statement of facts is presented as leaves a reasonable presumption of mistake or misapprehension on the part of the person swearing to the proofs of loss, such presumption should be indulged in preference to that of willfully false swearing. A mere discrepancy does not create a presumption, as matter of law, that the insured contemplated fraud when the statements were made.

ID.—MISTAKES OF ADJUSTER—KNOWN FACTS—SUPPORT OF VERDICT.—Where there is evidence that mistakes in the proofs of loss were chargeable to the adjuster who prepared the proofs and were unknown to the insured when the proofs were sworn to, and there was no reason why the insured should make a false statement about a mortgage on the property, the policy being payable to the mortgagee, and the mortgage being a matter of record, which was known to the agent of the company who secured the insurance, the jury's finding for the insured is sufficiently supported.

ID.—INSTRUCTIONS TO JURY—IGNORANCE OF MISSTATEMENTS.—It was proper to instruct the jury that any misstatements in the proofs of

loss of which the insured was ignorant do not work a forfeiture of the policy of insurance or deprive the plaintiffs of a right of recovery thereunder.

ID.—HONEST DISCREPANCY BETWEEN PROOFS AND ACTUAL LOSS.—It was proper to instruct the jury that a discrepancy between the statement in the proofs of loss by the insured and the actual loss proven at the trial, if it can be reasonably accounted for on the score of opinion or judgment honestly given, will not make the policy void.

ID.—EXCEPTION TO INSTRUCTIONS OF COURT.—Exceptions to instructions given by the court of its own motion should be specific and not general.

ID.—SPECIAL ISSUES SUBMITTED TO JURY—CHANGE OF PHRASEOLOGY—DISCRETION OF COURT.—Where numerous special issues were submitted to the jury covering all of the issues raised by the pleadings, the court had discretion to change a question submitted by defendant as to whether the insured presented "satisfactory proofs of loss," so as to make it read, "such proofs of loss as were required by said policy of insurance." What was required by the policy is all that the company had the right to demand.

APPEAL from a judgment of the Superior Court of Glenn County, and from an order denying a new trial. Wm. M. Finch, Judge.

The facts are stated in the opinion of the court.

Charles L. Donohoe, and Frank Freeman, for Appellant.

The policy was void for false swearing. (*Claflor* v. *Commonwealth Ins. Co.*, 110 U. S. 81, 3 Sup. Ct. Rep. 507; *Rovinsky* v. *Northern Assur. Co.*, 100 Me. 112, 60 Atl. 1025; Joyce on Insurance, secs. 3339, 3342; *Virginia F. & M. Ins. Co.* v. *Vaughn*, 80 Va. 832; *Lewis* v. *Council Bluffs Ins. Co.*, 63 Iowa, 193, 18 N. W. 888; *West* v. *British Am. Ins. Co.*, 25 Ins. L. J. 689; *Dohmer* v. *Niagara Ins. Co.*, 96 Wis. 38, 71 N. W. 69; *Fowler* v. *Phoenix Ins. Co.*, 35 Or. 559, 57 Pac. 421; *Sleeper* v. *New Hampshire Ins. Co.*, 56 N. H. 401.)

Ben. F. Geis, for Respondents.

A mere discrepancy or innocent error in an excessive statement, not intentionally false or fraudulent, will not vitiate the policy. (*Helbing* v. *Svea Ins. Co.*, 54 Cal. 156, 35 Am. Rep. 72; *West Coast Lumber Co.* v. *State etc. Ins. Co.*, 98 Cal.

502, 33 Pac. 258; *Greiss* v. *State Investment etc. Ins. Co.*, 98 Cal. 241, 33 Pac. 195; *Clark* v. *Phoenix Ins. Co.*, 36 Cal. 168; *Home Ins. Co. of New York* v. *Mendenhall*, 64 Ill. App. 30, 164 Ill. 458, 45 N. E. 1078, 36 L. R. A. 374.)    The question is one of fact for the jury.    (1 Clement on Fire Insurance, 285.)

BURNETT, J.—This is an action on a fire insurance policy.

The cause was tried before a jury.    A large number of special issues was found in favor of plaintiffs' contention and the general verdict was for said plaintiffs in the sum of $2,-586.35, the amount covered by the policy being $3,265.    Judgment was entered accordingly, from which and from the order denying a motion for a new trial the appeal has been taken.

The main reliance of appellant is upon the defense set out in the answer, to the effect that the insured, H. T. Miller, at the time he made his application for the policy, "willfully and fraudulently and with a false and fraudulent purpose and with the intention of thereby securing more insurance on said property than he should have had and for the purpose of deceiving defendant," represented the property to be of much greater value than it was, and also that the proof of loss was willfully false in that it contained a statement of property that was not destroyed, particularly nine thousand two hundred feet of two-inch flooring and twenty thousand shingles, and it also contained the statement that at the time of said fire there was no mortgage on the said above-described property, while in fact, at the time of said fire, there was a mortgage on said property held by plaintiff J. Johansen.

In regard to the first contention it is sufficient to say that there was evidence that the property was as valuable as appellant claims it was represented by the insured sufficient to support the finding of the jury, and again it appears in the testimony that the agent of the insurance company was familiar with the property and made out the application for respondent Miller, fixing the insurable value of said property, and the company afterward requested said respondent to have the amount of the insurance increased.    Hence it might be plausibly contended that appellant is in no position to question the said value.    Granting that there was evidence to the contrary, it does not present a question of law.    The

verdict of the jury upon a conflict of evidence is binding upon us.

As to the proof of loss, it is admitted by respondents that the statement was erroneous as to the mortgage and also as to the two-inch flooring. If willfully false it would avoid the policy. It is so provided in the following clause of the policy: "This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof or if the interest of the insured in the property be not fully stated therein or in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof whether before or after a loss."

Citation of authorities is hardly needed upon such a proposition. Reference may be had, however, if desired, to the following cases cited by appellant for further discussion of the question: *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 81, [3 Sup. Ct. Rep. 507]; *Rovinsky* v. *Northern Assur. Co.*, 100 Me. 112, [60 Atl. 1025]; *Lewis* v. *Council Bluffs Ins. Co.*, 63 Iowa, 193, [18 N. W. 888].

But it is well established that the untrue statement, in order to avoid the policy, must have been knowingly and intentionally made by the insured with knowledge of its falsity and with the intention of defrauding the company. (*Clark* v. *Phenix Ins. Co.*, 36 Cal. 168; *Helbing* v. *Svea Ins. Co.*, 54 Cal. 156, [35 Am. Rep. 72]; *Greiss* v. *State etc. Co.*, 98 Cal. 241, [33 Pac. 195]; *West Coast Lumber Co.* v. *State Ins. Co.*, 98 Cal. 502, [33 Pac. 258].)

Again, whether a false statement was so made is a question of fact for the jury. (*Home Ins. Co. of New York* v. *Mendenhall*, 164 Ill. 458, [45 N. E. 1078].)

If such a state of facts is presented as leaves a reasonable presumption of mistake or misapprehension on the part of the person swearing to the proofs of loss, such presumption should be indulged in preference to that of willful false swearing. (*West Coast Lumber Co.* v. *State Ins. Co.*, 98 Cal. 502, [33 Pac. 258].) A mere discrepancy does not create a presumption as a matter of law that the insured contemplated fraud when his statements were made. (*Helbing* v. *Svea Ins. Co.*, 54 Cal. 156, [35 Am. Rep. 72].)

Here the jury found that the statement concerning the flooring and also concerning the mortgage was not willfully or intentionally made by Miller and that he did not represent to adjuster Farnsworth, who prepared the statement of loss, that the building contained the flooring or that there was no mortgage on the premises. Turning to the testimony of Miller we find his explanation of the transaction, which must have been accepted as credible by the jury, and we cannot find otherwise. We do not deem it advisable to detail the testimony, but giving full credit to Miller, the mistakes in the statement of loss are chargeable to Farnsworth and not to said respondent. The latter says he verified the statement without reading it over or having it read to him, Farnsworth being in a great hurry to get away. There is no apparent reason why the insured should make a false statement about the mortgage. The policy was made payable to the mortgagee and the mortgage was a matter of record and was known to the agent of the company who secured the insurance. It would seem that a man of average intelligence under such circumstances would not willfully swear that there was no mortgage on the premises. And as to the other misstatements it is more reasonable to hold that they were honest mistakes than to impute perjury to the insured. But, ot any rate, the jury's finding is sufficiently supported by the evidence.

Again, complaint is made of the following instruction given by the court of its own motion: "If you find from the evidence that the proofs of loss signed and sworn to on the third day of October, 1904, and introduced in evidence, were made out and prepared by E. P. Farnsworth in the capacity of adjuster, duly appointed and authorized by defendant Insurance Company to ascertain and adjust the loss occasioned by the fire alleged in the complaint; and you further find that at the time plaintiff Miller signed and swore to said proofs of loss and delivered them to said Insurance Company, he had not read or heard read the contents of said proofs of loss and did not know the contents thereof, then I instruct you that any misstatements therein contained, of which Miller was ignorant, do not work a forfeiture of said policy of insurance or deprive the plaintiffs of the right of recovery thereunder."

The only objection and exception made to this instruction appear as follows: "Counsel for defendant: If your Honor please, before giving the instructions I desire to object to

any instructions given on part of the plaintiff in the action and also to any given by the Court itself. The Court: It may be understood that the exception on each side may cover, of course, the same thing as the objection."

The exception is hardly specific enough under the authority of *Cavallaro* v. *Texas etc. Ry. Co.,* 110 Cal. 348, [52 Am. St. Rep. 94, 42 Pac. 918], and *Williams* v. *Casebeer,* 126 Cal. 86, [58 Pac. 380]. In the former case it is said: "The theory of the ruling is, that exceptions to the charge of a court to the jury ought to point out specifically the portions excepted to, and be made at the time of the trial, in order that the judge may have an opportunity, before the jury retires, to correct any error he may have inadvertently fallen into in drawing up the charge in the hurry and perplexities of the trial." In that case the exception was as follows: "We desire, if your Honor please, to save an exception to each, every and all of the instructions given by the Court of its own motion."

A general exception is sufficient as to the instructions given at the request of the parties, but, as seen, a different rule prevails as to those given by the court of its own motion. But it is manifest that the instruction is not erroneous. It was based upon evidence introduced by plaintiffs, and it was in harmony with the cases already cited requiring the misstatements to be willful in order to work a forfeiture. The question of negligence is not involved. The law favors the insured to the extent of excusing a careless statement if it does not proceed from a fraudulent and willful intent. Besides, the insurance company could not claim exemption from liability on account of the negligence of plaintiff Miller in making his proof of loss, because no damage was done thereby to defendant, as the mistakes were rectified at the trial.

The criticism of instruction 10 given at the request of plaintiffs is inapt. The clause "Your verdict should be for the plaintiffs" does not require the jury to find for the full amount claimed. Besides, it is made clear by the succeeding portion of the instruction.

Instruction 11 requested by plaintiffs may be a little obscure, but we agree with respondent that the reasonable construction is that if the defendant denied its liability solely by reason "of misrepresentation, fraud or false swearing on the part of the insured" it waived its right to have the loss de-

termined by arbitration. Again, as pointed out by respondent, the company refused to arbitrate. Hence, if the instruction was erroneous the error was harmless.

The particular clause in instruction No. 21 made the subject of criticism by appellant seems clear and sound. It directs the jury that "a discrepancy between his statements in his proof of loss and the actual loss proven at the trial, if you find there is any discrepancy which can reasonably be accounted for on the score of opinion, or judgment honestly given, will not make the policy void." It applies, of course, to every such discrepancy and could not be understood as excusing any other discrepancy not the result of an honest mistake.

Complaint is made also that the court did not submit certain special issues to the jury in the language proposed by defendant. The contention is that the court has no discretion in the matter under section 625 of the Code of Civil Procedure. This position involves an absurdity. If the issue proposed should be irrelevant, ambiguous or unintelligible or a repetition of another issue, it could hardly be maintained that the court could not exclude it. (*Plyler* v. *Pacific Portland Cement Co.* (Cal. App.), [87 Pac. 395].) We think the modifications made by the court were proper. Thirty-four questions of fact were submitted to the jury and they seem to have covered all the issues that were raised by the pleadings. The most important change made by the court was as follows: The defendant requested this: "Did the said plaintiff Miller make and deliver to the defendant company *satisfactory proofs of loss?*" The court submitted it with the words "such proofs of loss as were required by said policy of insurance" substituted for "satisfactory proofs of loss." What was required by the policy is all that the company had a right to demand, and the law compels the defendant to be satisfied with this.

Some eighty-two exceptions were taken to the rulings of the court on the admissibility of evidence during the progress of the trial. To notice them specifically would prolong this opinion to an unreasonable extent and would be of no particular value to the profession. We have examined these rulings. As to be expected of any trial judge under the same circumstances, some errors were committed, but we are of the opinion that defendant suffered no prejudice thereby.

6 Cal. App.—26

We deem it not improper to say that counsel have displayed in their briefs great industry and ability and have thereby afforded great satisfaction as well as assistance to the court.

The judgment and order denying the motion for a new trial are affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 4, 1907.