[No. 19355.   Department Two.—July 26, 1894.]

# J. C. SHEARER, Respondent, v. PARK NURSERY COMPANY, Appellant.

Sale of Fruit-trees to be Planted—Breach of Warranty of Qual-
ity—Time of Fruit-bearing—Measure of Damages.—Upon a sale
of nursery fruit trees to be planted, which were warranted to be of cer-
tain specified varieties, and in the proportions ordered, many of which
were first discovered to be of a different and inferior variety from either
of those ordered, and of a kind which the purchaser did not desire,
about two years after they had been planted and cultivated, when they
began to bear fruit, the detriment caused by the breach of the warranty
is the excess of the value which the trees would have had at the time
when the trees first bore fruit, if the warranty had been complied with,
over their actual value at that time.

Id.—Construction of Code—Breach of Warranty—Time to Which
Warranty Refers—Discovery of Breach.—In section 3313 of the
Civil Code, which provides that "the detriment caused by the breach of
the warranty of the quality of personal property is deemed to be the
excess, if any, of the value which the property would have had at the
time to which the warranty referred, if it had been complied with, over
its actual value at that time," the time to which the warranty of qual-
ity, in the sense of this section, refers, is not necessarily the time of
the completion of the sale by delivery of the property, nor the time of
the breach of the warranty, but is the time when the breach is discov-
ered, or with ordinary care and attention might be discovered. by the
purchaser.

Id.—Fruit-trees Part of Land—Evidence—Value of Land.—Grow-
ing fruit-trees are a part of the land, and probably of no value when
severed from it; and evidence of the value of the land is admissible in
an action for breach of warranty of quality of such trees, and it is
proper to prove how much the different kinds of trees added to the
value of the land.

Id.—Measure of Damages—Difference in Value of Land.—The dif-
ference between the value added to the land by the trees delivered and
the value that would have been added if the trees ordered had been
planted instead of those delivered is the measure of plaintiff's dam-
ages according to section 3313 of the Civil Code.

Appeal from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion.

*W. E. Arthur,* and *A. D. Yocum,* for Appellant.

Only the actual damage by reason of the difference in value of the trees themselves could be considered, and remote or speculative profits could not properly be considered. (Civ. Code, sec. 3313; *Rhodes* v. *Baird,* 16 Ohio St. 573; *Passinger* v. *Thornburn,* 34 N. Y. 634; 90 Am. Dec. 753; 1 Sutherland on Damages, 111.)

*Spencer G. Millard,* for Respondent.

A nurseryman selling trees for a certain kind to one who relies upon his representation, warrants them of the kind represented. (*Allen* v. *Todd,* 6 Lans. 222.) Upon the sale of seeds the measure of damages for the breach of warranty is the difference between the value of a crop from good seed and the value of that actually raised. (*White* v. *Miller,* 78 N. Y. 393; 34 Am. Rep. 547; *Passinger* v. *Thornburn,* 34 N. Y. 634; 90 Am. Dec. 753; *Flick* v. *Wetherbee,* 20 Wis. 392; *Wolcott* v. *Mount,* 36 N. J. L. 262; 13 Am. Rep. 438; 38 N. J. L. 496; 20 Am. Rep. 425; *Van Wyck* v. *Allen,* 69 N. Y. 61; 25 Am. Rep. 136.) Fruit-trees are not growing crops (*Cottle* v. *Spitzer,* 65 Cal. 456; 52 Am. Rep. 305), and have no value apart from the realty, and their value is to be estimated in their growing state. (*Montgomery* v. *Locke,* 72 Cal. 75; Sedgwick on Measure of Damages, 6th ed., 152; *Mitchell* v. *Billingsley,* 17 Ala. 391; *Dwight* v. *Elmira etc. R. R. Co.,* 132 N. Y. 199; 28 Am. St. Rep. 563.) In case of destruction of growing timber the measure of damages is the difference between the value of the premises before and after the destruction of the timber. (*Van Deusen* v. *Young,* 29 Barb. 9; *Wallace* v. *Goodall,* 18 N. H. 439–56; *Longfellow* v. *Quimby,* 33 Me. 457; *Hayes* v. *Chicago etc. Ry. Co.,* 45 Minn. 17; 3 Sutherland on Damages, 373, 374; *Chipman* v. *Hibberd,* 6 Cal. 162.) And so in the case of destruction of growing fruit trees the measure of damages is the difference between the value of the realty before and after their destruction. (*Dwight* v. *Elmira etc. R. R. Co.,* 132 N. Y. 199; 28 Am. St. Rep. 563; overruling *Whitbeck* v. *New York Cent. R. R. Co.,* 36 Barb. 644.)

VANCLIEF, C.—The defendant being a corporation engaged in the business of raising and selling nursery fruit-trees, the plaintiff, on March 7, 1891, ordered from it five hundred nursery peach-trees of specified varieties, namely, two hundred Susquehanna, two hundred Muir, and one hundred Solway, and thereupon defendant sold and delivered to plaintiff five hundred young trees at the price of twenty cents apiece, representing them to be of the varieties and in the proportions ordered, and so labeled them. The plaintiff did not know, and had no means of ascertaining, whether or not the trees were such as ordered, until after he had planted them and had cultivated them about two years, when they first bore fruit, and therefore relied solely upon the representations of the defendant as to the varieties of the trees. When the trees first bore fruit it appeared that two hundred and sixty-eight of them were of a different and inferior variety from either of those ordered, and were of a kind that plaintiff did not desire, and which, when planted, occupied about two and one-half acres of plaintiff's land.

The object of this action was to recover damages alleged to have been suffered by plaintiff in consequence of a breach of the warranty that the trees were of the kinds ordered.

The judgment was in favor of plaintiff for three hundred and fifty dollars, from which, and from an order denying his motion for a new trial, the defendant appeals.

The principal point contended for by appellant is that the court did not measure the damages by the proper rule, which they say is that expressed by section 3313 of the Civil Code, as follows:

"The detriment caused by the breach of the warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time."

To what time, in the sense of this section, does a warranty of the quality of personal property refer? Does it refer to the time of completion of the sale by delivery of the property, or to the time of the breach of the warranty, or to the time when the breach is discovered, or with ordinary care and attention might be discovered, by the purchaser? When the quality of the property is apparent, or with ordinary care may be ascertained at the time of delivery, all three of those conditions coexist at that time, as they did in the case of *Hughes* v. *Bray*, 60 Cal. 284, in which it was held that a warranty of barley referred to the time of delivery, and that the measure of damages was the difference between the market value of the (inferior) barley delivered and an equal quantity of the quality warranted *at the time of delivery;* and this, the court said, was in accordance with section 3313 of the Civil Code. And doubtless this was correct on the facts of that case, since the delivery, the breach of warranty, and presumable notice of such breach, concurred in point of time; and it would have been equally correct to have said in that case that the measure of damages was the difference in values, etc., at the time of the *breach of the warranty*, or at the time the breach *was discovered.* But the court did not say, and surely did not intend to be understood as meaning, that all warranties of the class specified in section 3313 of Civil Code refer to the time of delivery of the property, since such a construction would not only be contrary to the common law as administered in the United States and England but would effect rank injustice in a large class of cases, of which the case at bar is an example. (Sutherland on Damages, secs. 673-76; Sedgwick on Damages, secs. 191, 768, and cases cited.) Under such construction the measure of plaintiff's damages in this action would be merely the difference between the value of the trees delivered and the same number of trees of the kinds ordered *at the time of delivery*, and before they were replanted by plaintiff. And so it would be in all cases of warranty of seeds.

As to whether a warranty of this class refers to the time of **the** breach thereof, it is enough to say that if cases ever occur in which the purchaser suffers damage after the breach and before the time when he discovers, or with ordinary care and attention might discover, the defect in the property warranted, the warranty does not in such cases refer to the time of the breach but to the time when the defect was or might have been discovered. The time of the breach depends upon the nature and meaning of the warranty. What was warranted? In this case I am inclined to the opinion that the defendant warranted that the trees would bear the kinds of fruit known by the names Susquehanna, Muir, and Solway peaches. If so, the breach occurred when they first bore a different kind of fruit, so that here again the breach and the discovery thereof were concurrent events. But if such is not the meaning of this warranty the breach must have occurred at the time the trees were delivered.

But since it seems probable that cases of the class specified in section 3313 of the Civil Code may occur in which the breach and the discovery thereof are widely separate in point of time, the only reasonable construction of that section which may have a uniformly just effect is, that the time to which the warranty refers is the time when the breach thereof is, or with due diligence might be, discovered by the purchaser.

The action of the trial court in admitting evidence against the objections of defendant was consistent with this construction. The sole effect of such evidence was to prove the difference between the value of trees of the kinds ordered by plaintiff and the trees actually delivered by defendant *at the time when those delivered first bore fruit,* that being the earliest date at which plaintiff discovered, or could have discovered, the breach of the warranty. It was, however, to the mode of proving this difference of values that defendant more specially objected, which was: 1. To prove the value of the land occupied by the trees at the time the breach of warranty

was discovered; and 2. The value the land would have had at the same time if trees of the kinds and proportions ordered by plaintiff had been planted and cultivated, instead of the two hundred and sixty-eight trees of a kind not ordered by plaintiff.

It is strenuously contended that the allowance of any evidence of the value of the land was material error, for which the judgment should be reversed. But since growing fruit-trees are a part of the land, and probably of no value when severed from it (*Montgomery* v. *Locke*, 72 Cal. 75), it was proper to prove how much the different kinds of trees added to the value of the land; and the difference between the value thus added by the trees delivered and the value that would have been added if the trees ordered had been planted instead of those seems to be the measure of plaintiff's damage, according to section 3313 of the Civil Code. " It is settled in New York," says Mr. Sutherland (Sutherland on Damages, sec. 1019), " that where fruit-trees are destroyed or injured, and their owner asserts his right to go beyond their value after severance from the land, so as to obtain compensation for the damage done the latter, his recovery is measured by the difference between the value of the land before and after the injury." (Citing *Dwight* v. *Elmira etc. R. R. Co.*, 132 N. Y. 199; 28 Am. St. Rep. 563.)

On the assumption that the mode of proof was not materially erroneous, the findings of fact are justified by the evidence.

I think the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., HARRISON, J.

Hearing in Bank denied.