### HEILMAN *v.* PRUYN.

| 122 | 301 |
| --- | --- |
| f126 | 20 |
| 122 | 301 |
| 128 | 59 |
| 128 | 60 |
| 122 | 301 |
| s81NW | 97 |
| s80ASR | 570 |

1. Sale of Fruit Trees—Breach of Warranty—Damages.

   Where fruit trees are bought to be set out on an agreement that they shall be of certain varieties, or others equally desirable, and, on commencing to bear, they are found to be of an inferior variety, the measure of damages is the value that would have been added to the premises if they had been of the varieties contracted for.

2. Same.

   In an action to recover damages for selling plaintiff fruit trees of a variety inferior to those ordered by him, it cannot be shown in defense that the breach of contract was harmless for the reason that the trees were winter-killed after the commencement of suit.

Error to Kent; Grove, J. Submitted October 27, 1899. Decided December 12, 1899.

*Assumpsit* by Albert Heilman against John Pruyn for breach of warranty on a sale of fruit trees. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff purchased of defendant, in 1895, 200 peach trees, and, in 1896, 100 peach trees, under an agreement that they were to be Late Crawfords and Smocks, unless the variety ordered could not be supplied, in which event

defendant agreed to furnish other varieties equally desirable. The trees were furnished, set out, and taken care of. Plaintiff gave evidence tending to show that most of the trees came into bearing in the fall of 1898; that none of them were of the varieties ordered; that there were no Late Crawfords or Smocks, and that they were of an inferior variety, producing small, white peaches, many of them clingstones, and some seedlings; that the fruit was unsalable, and the trees were practically worthless. Plaintiff recovered a verdict and judgment for $300.

*Peter Doran*, for appellant.

*Wolcott & Ward*, for appellee.

GRANT, C. J. (*after stating the facts*). 1. What is the measure of damages? This is the principal question. Defendant contends that the rule of damages is the money paid out for the trees, the cost of setting out and caring for them up to the time of the suit, and the use of the land which they were occupying. The court instructed the jury that the measure of damages was the value that would have been added to the premises if the trees had been of the varieties ordered. We think the court announced the correct rule. "The primary purpose of awarding damages is actual compensation to the party injured, whether by a tort or by breach of a contract." 8 Am. & Eng. Enc. Law (2d Ed.), 546, and note 2. In *U. S.* v. *Taylor*, 35 Fed. 484, it was held that:

"In an action for damages in cutting growing timber or trees, the recovery is not limited to their actual value for firewood, turpentine purposes, or for timber or lumber purposes, but the actual injury to the estate by the cutting of the trees; and in determining the question it is proper to show the purpose for which the trees were designed and could have been used."

In *Stoner* v. *Railway Co.*, 45 La. Ann. 115, it was held that the measure of damages for the destruction of

fruit trees by fire is not the cost of replacing them, and the value of the care and labor bestowed on them, but the value of the destroyed trees at the date of the fire. The like rule was held in *Norfolk, etc., R. Co.* v. *Bohannon*, 85 Va. 293, and in *Montgomery* v. *Locke*, 72 Cal. 75. The case of *Dwight* v. *Railroad Co.*, 132 N. Y. 199 (15 L. R. A. 612, 28 Am. St. Rep. 563), is an instructive case, and points out the distinction between the measure of damages where forest trees, fully grown, are unlawfully severed from the soil, and where nursery trees are so severed. In the former case there may be no injury to the freehold, when the value of the trees must furnish the sole measure of damages. In the latter case, when fruit trees are severed, they are of practically no value. In such cases there are two elements of damages: (1) The value of the trees cut, if they have any; and (2) the damage to the realty.

Counsel for defendant cites *White* v. *Miller*, 71 N. Y. 118 (27 Am. Rep. 13). In this case cabbage seed was sold, warranted to be genuine Bristol cabbage seed. The seed was not as warranted. It was held that the proper measure of damages was the difference in value between the crop raised from the defective seed and a crop of Bristol cabbage such as would ordinarily have been produced that year. Other cases of this character are cited. Where crops are raised from seeds, and mature in a few months, and the value of the land is not affected thereby, no other rule of damages can obtain. It is different, however, where fruit trees are planted, which will not mature for years, which become a part of the realty, and materially add to its value. The destruction of a crop of cabbage, corn, wheat, or other annuals does not injure the land, and consequently there can be but one rule of damages. The most of the cases cited by the defendant are cases of this character. The other cases cited involve the question of speculative damages, which is not involved in this case. It is a matter of common knowledge that lands are enhanced in value by orchards of fruit trees. They

have a value capable of estimation, for the reason that they usually yield fruit. The case is not one of speculative damages, but of enhanced value by additions to the realty. The rule of damages ought to be, and is, the same where worthless fruit trees are furnished, contrary to the warranty, as where good fruit trees are destroyed by the negligent acts of others. The purchaser has suffered the same damages in each case. Both parties must be held to have contracted with reference to the land in future years, as it would be enhanced by the existence of trees of the kind warranted. The difference between the value of the land with and without the trees is the just measure of damages. 26 Am. & Eng. Enc. Law, 565, note 1.

2. Error is assigned upon the rejection of testimony as to the condition of the trees immediately before the trial, and after the severe winter of 1898–99. The object was to show that the trees, or many of them, had been injured or killed by the severe cold weather after this suit was brought, and to claim that plaintiff had, therefore, suffered no damage by the failure of the defendant to keep his contract. The ruling of the court was correct. The law does not permit the defendant to avoid his contract because the trees were injured or destroyed by circumstances beyond the control of the parties. The rights of the parties were to be determined by the situation of affairs at the commencement of the suit. If, by the act of God afterwards, the trees were destroyed, this fact furnished no defense. If they had been valuable trees, and had been injured through the neglect of the plaintiff, the rule would be different.

Judgment affirmed.

The other Justices concurred.