[Civ. No. 366.    Third Appellate District.—October 11, 1907.]

## SUSIE WALDTEUFEL, Respondent, v. PACIFIC VINE-YARD COMPANY, Appellant.

BREACH OF CONTRACT—PURCHASE OF VINEYARD LANDS—FAILURE TO PLANT VINES AS AGREED—MEASURE OF DAMAGES.—In an action for a breach of contract for the purchase of vineyard lands, in failing to plant the same with the agreed variety of vines, the measure of damages is the difference between the value of the land planted according to agreement and the value of the land not planted according to agreement.

ID.—TIME FOR TAKING MEASURE OF DAMAGES—DISCOVERY OF BREACH.— The time for taking the measure of damages is when plaintiff discovered the breach or when, with reasonable diligence, he could have made such discovery.

ID.—ERRONEOUS INSTRUCTIONS—TIME OF TRIAL.—Instructions given to the jury directing them to fix the value of the land at the time of the trial, as improperly planted, and as it would then be if properly planted, and to award the difference as damages, were erroneous.

ID.—EXTENSION OF TIME BY NEGOTIATIONS—COMMENCEMENT OF ACTION· If the time could be extended by negotiations after discovery (which is not decided), it certainly could not extend beyond the date of the commencement of the action.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Frank Kauke, for Appellant.

Jos. J. Webb, and Wm. H. Webb, for Respondent.

CHIPMAN, P. J.—This is an action upon two written contracts, one of which was alleged, in two different counts, to have been modified by oral agreement or given a construction by the parties somewhat at variance with the terms of the written contract. The second contract, with its breach by defendant, was set forth in two separate counts. Both agreements were for the sale and purchase of certain vineyard land, there being twenty acres in each tract, partly planted and partly not planted. The case was tried to a jury and plaintiff had the verdict. Judgment was entered thereon, from which defendant appeals. Of the first tract it was alleged that defendant had agreed to plant the land to muscat and emperor grape rootings, instead of which defendant planted the land to many different varieties of vines, inferior to muscats and emperors, and planted them in a "mixed up and jumbled together manner," to plaintiff's damage. Of the second tract it was alleged that defendant warranted that ten acres were planted to muscat vines; that plaintiff acted on such warranty; that the vines proved to be "a mixed up and jumbled together" lot of vines of many different varieties; that defendant's representations were false and fraudulent.

Only a casual examination of the complaint is necessary to disclose its vulnerability and that it would not stand against a demurrer properly interposed. But defendant failed to take advantage of any defect in the complaint by demurrer or otherwise, and went to trial on an answer specifically denying its material allegations and pleading full satisfaction of plaintiff's claims. At the trial defendant sought to obtain the advantages he would to some extent have derived from a demurrer, by objections to the evidence, but in such form as, according to the view of plaintiff, failed to raise the question of the sufficiency of the complaint; and on the appeal here defendant urges the entire insufficiency of the complaint, in one or more of its counts, to state a cause of action. This attack is met by plaintiff, who claims that the complaint is sufficient in every count to sustain the general verdict, and that it is too late for defendant to rely upon any uncertainty in the complaint, or that the evidence was not within the issues. While it may be that we could find some way to sustain the complaint as a basis for the general verdict and the

6 Cal. App.—40

rulings of the court upon the evidence offered, in view of the condition of the record, we do not find it necessary to make the attempt, inasmuch as the case must go back for a new trial on other grounds. It is to be hoped, however, that should the case again come before us, the parties will have profited by their discussion of the points involved and that the pleadings will be looked to with greater care.

The first of these contracts was made February 23, 1904, and the second November 18, 1904. The trial was had June 25, 1906. The husband of plaintiff testified that he attended to the business of making the contracts for his wife; that the property belonged to her and that he was acting as her agent throughout the transactions; and this seems not to be controverted. Plaintiff's husband testified that he discovered the mixed up condition of the vines complained of in the spring of 1905 after the vines had developed foliage, as to both tracts of land; that he called it to the attention of the president of defendant, Mr. Malter; that they had some talk in which the suggestion was made by Malter that defendant would let plaintiff select other land of defendant company and convey it in lieu of the land already conveyed, but this talk came to nothing and it does not appear clearly whether this talk related to both tracts. We infer that it related only to the second tract. Finally, in the summer about August or in the fall, not later than November, 1905, and in reply to plaintiff's importunities, made by her husband, Malter abruptly told him "to go to hell." That ended the matter, and, instead of going where he was directed, the irate husband chose the presumably more congenial destination and went to his wife, who brought the action in December, 1905.

At the request of plaintiff the court instructed the jury as to the cause of action, based upon the first contract, as follows: "3. If you find a verdict for the plaintiff in this case, that is, if defendant was guilty of acts which caused damage as alleged in the complaint, the measure of damages would be the injury caused to the land by the planting of such improper or unfit lot of vines thereon, or in other words, the difference between the actual value of the land as it now stands if improperly planted or planted with a lot of vines mixed and jumbled, and its value as it would be if properly planted in the manner and with the sort and character of vines for which the parties contracted and which were con-

templated by the contract, if any existed between the parties, for the furnishing of such vines and the planting of the said land therewith.''

At plaintiff's request the court instructed the jury as to the cause of action based upon the second contract, as follows: ''With regard to the third and fourth causes of action, the measure of damage there would be practically the same as in the first; in case the plaintiff is entitled by your verdict to any damage by reason of the facts therein alleged, with reference to the second parcel of land bought; that is to say, that the value of the land as defendant represented it to be, or what it would have been worth if it was as represented by defendant less the actual value at the time, to wit, at the time plaintiff discovered the falsity—if falsity there was—in such representations, unless plaintiff was justified in waiting a still longer time before trying to prevent further damage, and in that case the difference between the value of the land as it would have been if as represented at the time when plaintiff finally found she was no longer justified in relying on the promises of defendant that the defendant would remedy the defects and make the plaintiff whole, and the actual value of the land and its improvements at that time would be the measure of the damage for which plaintiff would be entitled to recover, coupled with any expense she may have incurred in proper efforts to remedy said defects, if they exist, or to lessen the damages caused, if any were caused by defendant's acts.''

Appellant urges that instruction No. 3 does not state the true measure of damages, and that the instruction following is open to the same objection, and besides is self-contradictory and conflicts with instruction 3. The evidence offered by plaintiff, at the trial, in support of the view of the law taken in the instructions, was admitted over defendant's objection. Respondent contends that appellant cannot be heard to object to the instructions because its objection was not sufficiently specific. It was as follows: ''To the giving of the foregoing instructions, and to each and every portion thereof, the defendant then and there duly excepted and now excepts.'' Addressed to the instructions asked for by plaintiff this was sufficient. It might not have been when pointed to instructions given by the court on its own motion. (*Williams* v. *Casebeer*, 126 Cal. 77, [58 Pac. 380]; *Cavallaro* v.

*Texas etc. Ry. Co.,* 110 Cal. 348, [52 Am. St. Rep. 94, 42 Pac. 918] ; *Miller* v. *Fireman's Fund Ins. Co.,* 5 Cal. App. 287, [92 Pac. 332].)

The measure of damages was stated in *Shearer* v. *Park Nursery Co.,* 103 Cal. 415, [42 Am. St. Rep. 125, 37 Pac. 412]. In that case the plaintiff had contracted for fruit trees of a designated variety of fruit; they turned out to be of a different variety and plaintiff sued for the damages resulting from this breach of warranty. It was held, giving a construction to section 3313 of the Civil Code, that "the time to which the warranty refers is the time when the breach thereof is, or with due diligence might be, discovered by the purchaser." And it was held to be proper in proving the damage "to prove the difference between the value of trees of the kinds ordered by plaintiff and the trees actually delivered by defendant at the time when those delivered first bore fruit, that being the earliest date at which plaintiff discovered, or could have discovered, the breach of the warranty." In doing this, the court held, further, that it was proper, "(1) to prove the value of the land occupied by the trees at the time the breach of warranty was discovered; and (2) the value the land would have had at the same time if trees of the kinds and proportions ordered by plaintiff had been planted and cultivated, instead of the trees of a kind not ordered by plaintiff." Applying the principle of this case to the one here, we think the measure of damages is the difference between the value of the land planted according to agreement and the value of the land not planted according to agreement, the time of taking such measure being when plaintiff discovered the breach of the agreement, or at the time at which, with reasonable diligence, he could have made such discovery.

In *Rowe* v. *Chicago etc. Ry. Co.,* 102 Iowa, 286, [71 N. W. 409], an orchard was destroyed by fire caused by defendant carelessly allowing fire to escape from its locomotive engine. The measure of damage was there held to be the difference in the value between the real estate before and after the fire. *Heilman* v. *Pruyn,* 122 Mich. 301, [80 Am. St. Rep. 570, 81 N. W. 97], was a case similar to *Shearer* v. *Park Nursery Co.,* 103 Cal. 415, [42 Am. St. Rep. 125, 37 Pac. 412], where the measure of damages laid down is the difference between the value of the land with and without the trees, or, as the

trial court instructed the jury, "the value that would have been added to the premises if the trees had been of the variety ordered."

In the present case the instructions given to the jury directed them to fix the value of the land at the time of the trial (June, 1906) as improperly planted, and as it would then be if properly planted, and to award the difference as damages. But as to the first contract, the cause of action accrued in the spring of 1905 and the value respectively of properly and improperly planted land at that time would obviously be different from the value of the same land a year later. So, also, as to the second contract, as plaintiff discovered the fraud in the spring of 1905, her cause of action then accrued. And if the right to measure the damages as of a later date, by reason of the negotiations above mentioned could be allowed (as to which we express no opinion), it certainly could not be extended to the date of the trial in 1906 and beyond the date of the commencement of the action.

The judgment is reversed and the cause remanded for a new trial.

Hart, J., and Burnett, J., concurred.