[Civ. No. 3353. Second Appellate District, Division One.—October 11, 1920.]

## JOHN P. FIRTH et al., Respondents, v. ERNEST RICHTER, Appellant.

[1] PLEADING—ACTION FOR BREACH OF PARTNERSHIP CONTRACT—PARTIES.—All the members of a partnership may join as plaintiffs in an action for damages for breach of warranty in the sale of certain trees contracted for and on their behalf as copartners, notwithstanding the contract was not made by and in the names of all of them.

[2] SALES—DESCRIPTION OF ARTICLE—EXPRESS WARRANTY.—Where a person contracts to sell "Valencia" orange trees, he thereby expressly warrants not only that the trees will be of that description, but that they are trees which will bear fruit of the kind known as "Valencia" oranges.

[3] ID.—SALE OF GOODS OF PARTICULAR KIND — WARRANTY.—Where the circumstances are such as to amount to a representation of fact on the part of the vendor that an article sold is of a particular kind or description, as, for instance, where the buyer in

3. Implied warranty on sale of nursery stock, note, **Ann. Cas.** 1913E, 93.

terms asks for a particular kind, and the seller purports to comply with his request, he warrants the article sold as being of that kind, although he may not have made any declaration in words to that effect.

[4] ID.—SALE OF FRUIT TREES—BREACH OF WARRANTY—STATUTE OF LIMITATIONS.—Where the warranty is not only that the trees sold are of a particular description, but that they will bear the kind of fruit corresponding to such description, the breach of warranty occurs when they first bear a different kind of fruit, and the statute of limitations commences to run from the date of that breach.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank F. Oster for Appellant.

Guy Knupp and Kemp, Mitchell & Silberberg for Respondents.

CONREY, P. J.—Action to recover damages resulting from breach of warranty. The defendant appeals from the judgment.

The action is based upon a contract dated February 28, 1912, which, as written, was entered into between the defendant as party of the first part and E. J. Wilson and J. P. Firth as parties of the second part. It was provided therein "that the party of the first part agrees to sell and the parties of the second part agree to buy nine hundred and ninety-six (996) Valencia orange trees, running in size ½ inch and up, said trees grown by O. M. Bert, near his pumping plant. Price to be paid for trees, One, twenty-five cents ($1.25) f. o. b. trees to be balled and scrubbed and defoliated delivered f. o. b. in good condition and to pass inspection before shipping." It will be noted that the action is brought by Firth and Wilson and by George H. Bradley as copartners. It was alleged in the complaint that the plaintiffs are, and at all times mentioned therein were, copartners doing business under the firm

4. Running of statute of limitations against action for breach of warranty, note, 13 **Ann. Cas.** 700.

name and style of the Dry Bog Orange Company, and that they had filed with the county clerk of Tulare County the certificate required by sections 2466 and 2468 of the Civil Code, and have in all other respects complied with the provisions of said sections of the Civil Code; that the plaintiffs, as such copartners, are, and at all of said times were, the owners of certain described real property in the county of Tulare, which land was specially adapted to the growing of citrus fruits; that said agreement was made for and on behalf of and as the agreement of all the plaintiffs as copartners, and that the trees to be purchased under the terms of the agreement were purchased for the purpose of planting same upon said real property; that under the terms of said agreement the defendant delivered to the plaintiffs 996 orange trees which were accepted and paid for. It was further alleged: "That at the time of the delivery of said orange trees by said defendant, the said defendant represented said trees to be Valencia orange trees as provided in said contract hereinabove set forth, and that said plaintiffs accepted said orange trees relying on the representation of said defendant that they were Valencia orange trees. That at the time of the delivery of said orange trees it was impossible to tell or determine what kind of oranges said trees would bear, and that the said plaintiffs accepted said orange trees and planted all thereof upon the real estate hereinabove described, relying upon the contract hereinabove set forth and upon the representation of said defendant that said trees were Valencia orange trees; that the plaintiffs did not know and had no means of ascertaining whether or not the trees were of the kind as ordered by them and as represented by the defendant at the time of their delivery, and that the said plaintiffs in accepting said trees and in planting the same upon said real property relied upon the terms of said agreement and upon the warranty and representation of defendant that all of said orange trees were Valencia orange trees." Further facts are alleged to the effect that in the fall of 1915 a part of the trees for the first time bore fruit, and in the fall of 1916 the remainder of the trees for the first time bore fruit, at which time it was for the first time discovered and for the first time became possible for the plaintiffs to discover that 183 of said trees were navel orange trees and not Va-

lencia orange trees. Further facts are alleged showing the damages incurred. The findings of the court correspond to the allegations thus made. The amount of damages awarded and the method of measuring such damages are not attacked by appellant; his claim being that he is not subject to any liability whatever.

The action was commenced on the twenty-fifth day of February, 1918.

[1] By demurrer to the complaint and by objections made at the trial and now renewed, appellant insists that there is a misjoinder of parties plaintiff, and that George H. Bradley is not a proper party plaintiff. We think that there is no merit in this objection. "As a rule a suit on a transaction in the name of the individual partner but for the firm's benefit may be brought, either by the party appearing in the transaction as the sole plaintiff, or, under the doctrine of undisclosed principal, by all of the partners." (30 Cyc. 563.) This is in harmony with the requirements of the Code of Civil Procedure to the effect that (with exceptions not necessary to note here), every action must be prosecuted in the name of the real party in interest and that all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs. (Code Civ. Proc., secs. 367, 378. See, also, 20 Ruling Case Law, 921.)

[2] Counsel for appellant in his brief has contended that there is no warranty shown by the evidence in this case. Counsel for respondents dispose of the argument that there can be no implied warranty by denying that respondents place any reliance on an implied warranty, but do claim that the terms of the contract are such that, since they provide for a sale of the trees by description as Valencia orange trees, the defendant thereby expressly warranted not only that they were Valencia orange trees, but that they were trees which would bear fruit of the kind known as Valencia oranges. The position thus taken by respondents appears to be sustained by authority in this state. [3] Where the circumstances are such as to amount to a representation of fact on the part of the vendor that an article sold is of a particular kind or description, as, for instance, where the buyer in terms asks for a particular kind, and the seller purports to comply with his request, it was said

that "he would probably be held to warrant the article as being of that kind, although he may not have made any declaration in words to that effect." (*Rauth* v. *Southwest Warehouse Co.*, 158 Cal. 54, 60, [109 Pac. 839, 842].). In the case at bar it appears that the buyers definitely limited their request by asking for Valencia orange trees, and the seller not only delivered the trees in direct response to that request, but further, in a written contract agreed to deliver Valencia orange trees. We are aware that, as shown by the evidence to which we have been referred, the particular trees were first selected by the buyers. Appellant had bought from O. M. Bert a quantity of trees, including those delivered to respondents. The trees were growing in rows in Bert's nursery. At the request of appellant, Bert exhibited to respondents certain rows of trees which he said were all Valencia orange trees. Respondents then selected these particular trees from the rows thus designated, and those are the trees that were delivered. No charge of bad faith is made herein, but, on the contrary, the court found and the parties admit that there was no such bad faith or deception; nevertheless appellant assumed the responsibility of selling these trees as Valencia orange trees, and there is nothing in the evidence showing any conduct on the part of respondents which should estop them from claiming the benefit of that warranty. The terms used were sufficient to state an express warranty. (*Polhemus* v. *Heiman*, 45 Cal. 573, 578, 579.)

[4] Appellant next contends that the action having been commenced more than four years after the time when the contract was made and the trees delivered, it was barred by the provisions of the statute of limitations. It is an action upon a contract in writing executed within this state. (Code Civ. Proc., sec. 337, subd. 1.) It is admitted that the time limited begins to run from the time of the breach of the contract. If the warranty in question was broken immediately when the trees were delivered (they being other than Valencia orange trees), and if the warranty was limited to the fact that they were then and there Valencia orange trees, then this action was commenced too late and the plaintiffs cannot recover. It has been settled by decision in this state that a warranty of the kind here in question is not limited to the present fact that the trees

are of the description given, but it is further a warranty that the trees will bear the kinds of fruit corresponding to such description. (*Shearer* v. *Park Nursery Co.,* 103 Cal. 415, [42 Am. St. Rep. 125, 37 Pac. 412].) The statute of limitations was not applicable in that case, but it is authority upon the question as to the time when under facts like those in this case the breach of warranty actually occurred. In the Shearer case the court, after first stating its opinion that the warranty was to the effect above stated, said: "If so, the breach occurred when they first bore a different kind of fruit." This conclusion was not arrived at in conflict with the admitted rule that the plaintiff's right of action begins at the time when the warranty is broken, but it did apply the additional rule that the time of breach of the warranty was the time when the trees first bore fruit, that being the earliest date at which the purchaser discovered or could have discovered the breach of the warranty. (See, also, *Burge* v. *Albany Nurseries, Inc.,* 176 Cal. 313, 318, [168 Pac. 343].) In *Ingalls* v. *Angell,* 76 Wash. 692, [137 Pac. 309], upon facts very similar to those in the present action, the statute of limitations was pleaded as a defense and the question was directly presented: When did the cause of action accrue? The plaintiff had in writing ordered Carman peach trees. The defendant in response to that order delivered trees labeled "Carman." The court said: "It must, then, be determined whether by the warranty here pleaded, which is that the trees sold were Carman peach trees, it was intended to warrant that if they should produce peaches they would be of that variety. The purpose of the purchaser, unquestionably, was to buy trees which would produce Carman peaches. A construction of the language to the effect that the trees were to be Carman, and yet that there was no warranty that if they produced fruit it would be of that particular variety, would be to magnify form and minimize substance. The modern trend of authority is to look to the substance rather than to the form. When this is done it would seem plain that the purpose intended was that the peaches, if any, which grew upon the trees which were the subject of the sale would be of the Carman variety. It must be admitted that this view is not in harmony with the case of *Allen* v. *Todd,* 6 Lans. (N. Y.) 223, and the conclusion reached by a majority of

the court in *Battley* v. *Faulkner*, 3 Barn. & Ald. 288. We think, however, that, in so far as these cases are out of harmony with the views herein expressed, they are unsound, and we decline to adopt them." It was therefore held that, since the warranty related to a future event by which its truth could be ascertained, the warranty was not broken until the happening of such future event. The California decisions in the cases to which we have referred lead us to the like conclusion here.

The judgment is affirmed.

Shaw, J., and James, J., concurred.