[Civ. No. 5189.   Third Appellate District.—May 15, 1935.]

W. W. ACKERMAN, Respondent, v. A. LEVY & J. ZENT-
NER CO. (a Corporation), Appellant.

Butler, Van Dyke & Harris and Dreher & McClellan for Appellant.

Pugh & Pugh and Fred C. Pugh for Respondent.

COATS, J., *pro tem.*—This is an action for breach of warranty. The case was tried by the court without a jury and judgment was rendered in favor of plaintiff.

The plaintiff for many years resided at Gerber, a country town in Tehama County, and conducted a general store there. At the time of the transaction complained of, he had sold this store on contract to a Mr. Stillwell, but was about to retake the possession and operation thereof. On June 14, 1929, Byron D. Bryan called at the store and inquired for Henderson bush baby lima beans for planting. Stillwell did not have a sufficient quantity on hand, and plaintiff undertook to secure the beans. He telephoned to the defendant A. Levy & J. Zentner Co., a corporation, at their office in Chico, California, and ordered the beans, 13 sacks in all, explaining that they were for seed planting. The beans were delivered to the store and charged to, and paid for, by plaintiff. Although not known to plaintiff at the time, David Jones was a partner of Bryan. Jones and Bryan planted the beans on land near Elder Creek and within several miles of Gerber. In the month of July, 1929, Jones noticed that the vines were runners and not of the bush variety and apparently then determined they were not true to name. They were inspected in August or early September, 1929, by the county agricultural agent and also by the county horticultural commissioner. The vines were not of the variety ordered and the crop produced was not merchantable. The beans were not harvested but the crop, such as it was, reached its maturity not later than October or November of the year 1929. Bryan and Jones on March 8, 1930, brought suit against Levy & Zentner for breach of warranty. This case was tried February 16, 1931. Plaintiff testified in this action and was served with a subpoena a few days before the trial thereof. The judgment in this first case was in favor of the defendants herein and thereafter Bryan and Jones brought an action against this plaintiff in which action they recovered a judgment of $2,050 and costs amounting to $35.30.

This judgment was entered on February 18, 1932. Thereafter on June 1, 1932, plaintiff brought this present action in which he received judgment for the sum of $2,085.30.

■ No error was committed by the court in the admission of the evidence of the witnesses Lewis and Smith, nor in the admission into evidence of the judgment roll in the action of Bryan and Jones against Ackerman. Manifestly plaintiff's damage could not be greater than the amount which he was compelled to pay to Bryan and Jones, and the judgment roll was admissible for this purpose. The evidence also sustains the finding of the court that the sale was made by defendant to plaintiff and not to Stillwell.

■ The defendant pleaded that the action was barred by the provisions of section 339, subdivision 1, of the Code of Civil Procedure, having not been commenced within two years after the accrual thereof, and now relies upon this defense. It claims that the cause of action accrued when the fact that the beans were not true to name was discovered, and in all events not later than when the beans had matured and were ready for harvest. Plaintiff claims that his action accrued when he first ascertained that the vines were not true to name. He claims that he had no knowledge of the fact that the vines were not true to name until a few days before February 16, 1931, when he was served with a subpoena in the first action brought by Bryan and Jones. The court found in accordance with contention of plaintiff and against the defendant upon its plea of the statute.

The action is based upon defendant's breach of warranty. No issue of fraud is presented by the pleadings or the evidence.

A warranty is contractual in its nature. Plaintiff in his brief states that he has deliberately avoided exact definition of the warranty, the breach of which is the foundation of his claim, believing that the precise terms thereof are foreign to the decision in this case. Plaintiff seeks damages for breach of contract and defendant has set up the statute of limitations. To decide this issue, this court must determine the nature of the warranty. Warranties as to nursery stock and planting seed, are either present, and broken as soon as made, if at all, or prospective relating to the happening of a future event and not broken until the happening of that event. The courts of this state hold such warranties to be prospective.

The two leading California cases upon this subject are *Shearer* v. *Park Nursery Co.*, 103 Cal. 415 [37 Pac. 412, 42

Am. St. Rep. 125], and *Firth* v. *Richter,* 49 Cal. App. 545 [196 Pac. 277]. *Shearer* v. *Park Nursery Co., supra,* did not involve the statute of limitations but is authority upon the question as to the nature of the warranty and when the breach occurred. It holds that the warranty was that the trees, when planted, would produce a certain kind of fruit, and that the breach occurred when the trees first bore a different kind of fruit. In the *Firth* v. *Richter* case, *supra,* the contract was for the sale of "Valencia orange trees" and the bar of the statute of limitations was pleaded, and the court there held that the warranty was that the trees would bear the kind of fruit corresponding to the description. In this last case, the court relied upon the case of *Ingalls* v. *Angell,* 76 Wash. 692 [137 Pac. 309], where a warranty that trees sold were Carman peach trees was held to be a warranty that the trees would produce peaches of that variety. The like rule applies to seed for planting. The warranty in this present case was that the vines from the seed beans when planted would produce beans of the description sold. The breach of warranty under these decisions occurred not later than the maturity of the vines, which would be more than two years prior to the date of the filing of the complaint in this action.

Plaintiff relies upon the language contained in these and other decisions to the effect that the breach occurred at the date when the purchaser discovered, or with ordinary care and attention could have discovered the breach of warranty. The language in itself is but a statement of the general rule applicable to prospective warranties, and followed by the courts generally to determine the future event upon the happening of which, the breach or fulfillment of the warranty may be determined. In each instance the warranty is definite and the future event ascertained at the time the warranty was given. Applying this rule, the courts, in those jurisdictions where the doctrine of prospective warranty has been adopted, have held that the warranty is that the trees or vines at maturity will produce fruit or seed true to name, and that the warranty is broken when at maturity fruit or seed of a different variety is produced.

The same reasoning applies to the sale of other chattels, as in the case of *Germain Fruit Co.* v. *J. K. Armsby Co.,* 153 Cal. 585 [96 Pac. 319], when fruit was sold to be delivered and inspected at an eastern market, and the court held that the

breach occurred at the time of the delivery and inspection, that being the future event, reasonably in contemplation of the parties when the facts of the warranty should have been discovered. The same rule applies to the sale of machinery upon warranty, the cause of action accruing when the machinery is put to reasonable use and the purchaser discovers or could have with ordinary care discovered its defects, that being the future event to which the warranty relates.

The courts in these cases lay down a general rule for the accrual of such causes of actions, and it is not their function to exempt any particular case from the applicability of such rules. The doctrine of prospective warranty was adopted in the interests of justice and to prevent the statute from being a protection for fraud so that the bar of the statute would not run before the existence of the cause of action was ascertained. (See notes to *Heath* v. *Moncrief Furnace Co.*, (200 N. C. 377 [156 S. E. 920]) in 75 A. L. R., at p. 1082 et seq.) This court will not now disturb the findings of the trial court. However, a recital of the facts of the case serves to illustrate that a person in plaintiff's position in a town and county the size of Gerber and Tehama County under similar circumstances would ordinarily have notice of the breach of warranty almost upon the happening of the breach itself and long before the time when the action would be barred by the statute of limitations, and would ordinarily not suffer any hardship by the application of the law to his particular case. In fact, by plaintiff's own testimony he had such notice some considerable time before the action was in fact barred. Plaintiff complains of the injustice that the law, as so declared, will work upon him. This injustice is not a result of the law, but of plaintiff's failure, after learning of the breach, to bring his action within the time prescribed by statute. ▇ The fact that his damages were not then ascertained did not, of course, affect the accrual of, or his right to maintain, the cause of action. (*Lattin* v. *Gillette,* 95 Cal. 317 [30 Pac. 545, 29 Am. St. Rep. 115].)

The warranty was that the vines at maturity would produce beans of the variety described. Upon the vines reaching maturity in this case, the warranty was broken and the cause of action accrued. Plaintiff's action not having been commenced within two years after the happening of this event is barred by the statute of limitations.

The judgment is reversed, with directions to the trial court to find for defendant upon its plea of the statute, and to thereupon enter judgment for defendant.

Plummer, J., and Pullen, P. J., concurred.