Andrew STUMLER, Plaintiff-Appellant,

v.

FERRY–MORSE SEED COMPANY, Thomas S. Castle Farms, Inc., and A. L. Castle, Inc., Defendants-Appellees.

No. 80–1864.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 7, 1981.

Decided March 16, 1981.

---

J. Spencer Harmon, New Albany, Ind., for plaintiff-appellant.

Ernest W. Williams, Louisville, Ky., Jerome F. Jacobi, Jeffersonville, Ind., for defendants-appellees.

Before CUMMINGS and CUDAHY, Circuit Judges, and BONSAL, Senior District Judge.*

PER CURIAM.

This is a diversity suit for breach of express and implied warranties in connection with the sale of tomato seeds. In December 1974, plaintiff, an Indiana tomato farmer, bought a quantity of Heinz 1439 VF tomato seed from defendant Ferry-Morse Company, which had bought the seed from defendants Thomas A. Castle Farms, Inc. and A. L. Castle, Inc.[1] Heinz 1439 VF seed is described in Ferry-Morse's brochures as producing a particular kind of tomato. Plaintiff took delivery of the seed in March 1975 in containers labelled Heinz 1439 VF variety. At harvest time in September 1975, plaintiff allegedly discovered that the fruit produced from the seed was not Heinz 1439 VF variety.

On June 20, 1979, plaintiff commenced this action seeking damages of $150,000. Defendants moved for summary judgment on the ground that the claims were time-barred under the Indiana Uniform Commercial Code, which provides that an action for breach of warranty in connection with the sale of goods must be brought within four years of the date of delivery even if the buyer had no knowledge of the breach at the time of delivery unless the warranty *explictly* extends to future performance. (Ind.Code, § 26–1–2–725; emphasis supplied).

District Judge Dillin concluded that the sale of tomato seeds is a sale of goods as defined in Section 26–1–2–105(1) of the Indiana version of the Uniform Com-

---

* The Honorable Dudley B. Bonsal, Senior District Judge of the Southern District of New York, is sitting by designation.

1. All the defendants are California corporations.

mercial Code, that the express warranties concerning the type of fruit to be produced did not explicitly extend to future performance, that implied warranties by definition cannot explicitly extend to future performance, and that the four-year statute of limitations therefore began to run when plaintiff took delivery of the seed in March 1975. Accordingly, he held the suit time-barred, granted defendants' motion for summary judgment, and dismissed the cause with prejudice. Plaintiff appeals.

Our initial sympathy for plaintiff is tempered by the realization that he had four years from March 1975 in which to file suit. The tardiness in so doing rests with him or his counsel. We are wholly in accord with the reasoning and conclusions set forth in Judge Dillin's opinion, which we adopt and attach hereto.[2] For the reasons stated therein, the judgment is affirmed.

BONSAL, District Judge, dissenting.

I respectfully dissent.

According to the decision of the district court dated May 19, 1980:

"Plaintiff ordered from defendants a particular type of tomato seed identified as Heinz 1439 VF seed. In defendants' brochures, Heinz 1439 VF seed is listed as producing a fruit of certain size, maturity, shape, firmness, and color. In mid-March 1975, plaintiff received packages of seed from defendants that were labeled Heinz 1439 VF seed. Plaintiff alleges that the seed he received from

defendants produced smaller fruit with thicker skins and of poorer quality than the fruit produced by Heinz 1439 VF seed."

The district court concluded that the warranties made by the defendants concerning the type of tomato, although express, did not explicitly extend to future performance. However, plaintiff could not determine whether or not the tomatoes conformed to these express warranties until the end of the growing season, when they were ready for harvest. Assuming that plaintiff's allegations are true, as we must, it is quite clear that the tomatoes at harvest did not conform in any way to the warranties.

The district court relied on cases which did not involve agricultural products; rather, most involved industrial machinery, where compliance with the warranties could be determined at the time of purchase. *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 587 F.2d 813 (6th Cir. 1978); *Wilson v. Massey-Ferguson, Inc.*, 21 Ill. App.3d 867, 315 N.E.2d 580 (Ill.App.1974). Here, plaintiff had no way of determining whether or not there was a breach of warranty when he purchased the seeds.

It seems to me that the presentation in the brochure describes the tomatoes at the time of harvest and therefore the warranties explicitly extend to that time. The California courts, prior to the adoption of the Uniform Commercial Code, have held that such express warranties concerning agricultural goods extend to the time of har-

---

**2.** See also *Binkley Co. v. Teledyne Mid-America Corp.*, 333 F.Supp. 1183, 1185–1187 (E.D. Mo.1971) (Webster, J.), affirmed, 460 F.2d 276, 277 (8th Cir. 1972); *Raymond Dravo-Lagenfelder v. Mirodot, Inc.*, 425 F.Supp. 614, 617–618 (D.Del.1976); *Hall v. Gurley Milling Company of Selma, N.C.*, 347 F.Supp. 13 (E.D.N.C. 1972) (pre-Uniform Commercial Code); *Gardiner v. Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612 (1964); 67 Am.Jur.2d, Sales § 538, p. 725, and cases cited. Discovery of the breach controls the commencement of the statute of limitations only where the warranty "explicitly extends to future performance of the goods" (Indiana Code § 26–1–2–725(2)); White & Summers Uniform Commercial Code (1972) § 11–8, pp. 341–342. Only if this express warranty had explicitly extended to future per-

formance of the goods, the statute of limitations would have commenced running in September 1975 when plaintiff discovered that he had been sold the wrong seed.

The brochure on which the dissent relies listed 105 varieties of tomatoes sold by Ferry-Morse. The 12th line of the brochure states as follows under the following headings:

| Code | Variety | Fruit Size | Maturity | Fruit Shape | Firmness | Color |
|------|---------|-----------|----------|-------------|----------|-------|
| 17290 | Heinz 1439 VF | Med/Lge | Medium | Deep Oblate | Firm | Red |

Clearly, this is insufficient to amount to a warranty that "*explictly* extends to future performance of the goods" as required by the applicable provision of the Uniform Commercial Code (emphasis supplied). At best the brochure warranty was *implicit* as to future performance, so that the statute of limitations began to run upon delivery.

vest. *Shearer v. Park Nursery Co.*, 103 Cal. 415, 37 P. 412 (1894); *Firth v. Richter*, 49 Cal.App. 545, 196 P. 277 (1920); *Ackerman v. A. Levy and J. Zentner Co.*, 7 Cal.App.2d 23, 45 P.2d 386 (1935). I have found no agricultural cases decided since the adoption of the Code which hold otherwise.

For the foregoing reasons, I believe that the relevant statute of limitations commenced to run at the time of harvest, and not at the time of the delivery of the seed. I would therefore reverse the holding of the district court that the action was barred by the statute of limitations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

ANDREW STUMLER,

Plaintiff,

-vs-

FERRY-MORSE SEED COMPANY, THOMAS S. CASTLE FARMS, INC., A. L. CASTLE, INC.,

No. NA 79-84-C

Defendants.

## ENTRY

On June 20, 1979, plaintiff, Andrew Stumler, filed this action against defendants Ferry-Morse Seed Company, Thomas S. Castle Farms, Inc., and A. L. Castle, Inc. Plaintiff alleges breach of express and implied warranties by the defendants in connection with the sale of tomato seed.

Plaintiff ordered from defendants a particular type of tomato seed identified as Heinz 1439 VF seed. In defendants' brochures, Heinz 1439 VF seed is listed as producing a fruit of certain size, maturity, shape, firmness, and color. In mid-March 1975, plaintiff received packages of seed from defendants that were labeled Heinz 1439 VF seed. Plaintiff alleges that the seed he received from defendants produced smaller fruit with thicker skins and of poorer quality than the fruit produced by Heinz 1439 VF seed. Plaintiff maintains that the seed he received was not Heinz 1439 VF seed or at least not fit for the intended use of growing Heinz 1439 VF fruit.

Defendants now move for summary judgment, arguing that plaintiff's warranty claims are time barred.

### Discussion

The sale of tomato seed is a sale of goods as defined in the Indiana Uniform Commercial Code, I.C. 26–1–2–105(1), and a present sale of goods is included in the definition of contract for sale. I.C. 26–1–2–106(1). Therefore, this sale of seed is subject to the statute of limitations set forth in the Indiana Uniform Commercial Code which provides in pertinent part:

"(1) An action for breach of any contract for sale must be commenced within four [4] years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one [1] year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." I.C. 26–1–2–725.

The parties made no agreement affecting the period of limitations, and it is undisputed that plaintiff filed his action more than four years after he received delivery of the seeds. If plaintiff's claims do not fit within the exception to the time limit of four years from date of delivery, then his claims are time barred. The issue then is whether plaintiff's warranty claims involve warranties that explicitly extend to future performance of the goods, the breach of which can be discovered only at the time of such performance.

There is little doubt that because of the nature of seed, defects can only be ascertained after a growing period. Breach of any warranties as to the kind of fruit this type of tomato seed will produce can be discovered only when the fruit appears. Thus, the second requirement of the exception to the four year limit is met; however, the other requirement of the exception must also be met. The question is whether

plaintiff's claims are based on warranties which explicitly extend to future performance.

In what he styles as Count II of his complaint, plaintiff alleges breach of implied warranties. Most courts that have analyzed the Uniform ·Commercial Code statute of limitations have held that implied warranties by definition cannot explicitly extend to future performance. See *Standard Alliance Industries v. Black Clawson Co.*, 587 F.2d 813, 820 (6th Cir. 1978); *Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F.Supp. 1088, 1103 (N.D.N.Y. 1977), and cases cited therein. Indeed, plaintiff appears to acknowledge that his claims based on implied warranties are time barred, since in his response to defendants' motion for summary judgment plaintiff argues the cases cited by defendants can be distinguished from this case since the cited cases involved only implied warranty claims. Plaintiff focuses on the fact that he claims violation of an express warranty.

An implied warranty by its very nature cannot explicitly extend to future performance. The word "explicit" means express, definite. Implied warranties simply are not express or definite. Thus, any of plaintiff's claims based on implied warranties are subject to the time limit of four years from delivery and are barred.

Express warranties do exist in this case. Plaintiff ordered a specific type of tomato seed from defendants labeled Heinz 1439 VF. This seed type is one of several tomato seed varieties listed in a brochure of defendants. Each seed type is labeled and has a code number.· The brochure describes the particular characteristics of the fruit each tomato seed will produce. The characteristics listed include the size, maturity, shape, firmness, and color of the fruit. The Heinz 1439 VF seed is described in the brochure as producing firm fruit that is medium to large in size, of medium maturity, with a deep oblate shape and red color. Defendants advertise and sell their seeds, including seed type Heinz 1439 VF, with specific promises concerning the particular type of tomato the seed will produce. Such specific promises constitute express warranties as to the type and quality of seed purchased. It must be determined if these express warranties explicitly extend to future performance.

An express warranty that explicitly extends to future performance is a warranty that specifically makes reference to future time. A "lifetime guarantee" or a warranty that a car will perform properly for five years or 50,000 miles whichever comes first are warranties that explicitly extend to future performance. See *Holdridge v. Heyer-Schulte Corp. of Santa Barbara*, 440 F.Supp. 1088, 1103 (N.D.N.Y.1977); White and Summers, Uniform Commercial Code, Sec. 11–8, pp. 341–342. The mere expectation, however reasonable, that due to the type of product involved the statute of limitations on the warranty claims would not begin to run until discovery of the defect rather than upon delivery does not fit such a claim into the exception to the general rule. Thus, in *Wilson v. Massey-Ferguson, Inc.*, 21 Ill.App.3d 867, 315 N.E.2d 580 (Ill. App.1974), it was apparent that one could not know if a welder would weld at the rate per hour warranted by the manufacturer until the welder was used. Nevertheless, the fact that there was no reference to future time in that warranty caused the court to hold that the statute of limitations began to run upon delivery of the welder to the plaintiff. The Court of Appeals for the Sixth Circuit echoed such reasoning in *Standard Alliance Industries, Inc. v. Black Clawson Co.*, 587 F.2d 813 (6 Cir. 1978). The defendant had sold a machine with a warranty insuring proper operation for one year. The court held that the statute of limitations began to run not at delivery but upon discovery of the defect as long as discovery occurred within the year warranty period. The court reasoned that an express warranty which makes no reference at all to any future date should not be allowed to extend past the limitations period established by the Uniform Commercial Code. Since such a specific reference to future time was present, this general rule did not apply. Pp. 820–821.

No reference to future time is contained in any of the express warranties made by defendants with regard to the Heinz 1439 VF seed. The warranties can best be viewed as a promise that the seeds will perform well or perform in a certain manner. Since that promised performance is not tied to any specific time period or future date, it is not a promise that falls within the exception to the general statute of limitations rule.

Plaintiff argues that this case can be distinguished from the cases cited by defendants which involve welders and other machines. Plaintiff asserts that tomato seed is of a different nature than such mechanical goods. It may be argued that crop seed is different from machinery in that such seed has implied reference to a specific future date—i. e., harvest time or four months after planting. Thus, plaintiff receives the tomato seed in March with the promise that the seed will perform in a particular manner by September when the fruit is harvested. But such a distinction fails. The effort to find a specific reference to a particular future date is too strained.

There are two problems with the attempt to affix a future date to the express warranties given with the tomato seed. One problem is that such a date is at best a generalized or approximate one. The implied future date of harvest time need not be the harvest time of the year in which the seeds are sold but could be the harvest time of some future year, the seeds being purchased in advance and stored. In addition, the date of harvest time varies depending upon weather and time of planting or from the fact that some plants may ripen sooner than the rest in the crop and reveal imperfections in quality sooner than general harvest time. Thus, harvest time is not an easily determined future date and does not constitute the kind of definite or well understood future date that is called for in the exception to the usual four year statute of limitations.

The second problem with this attempt to use harvest time as being the reference to future time needed to fit within the exception is a more fundamental flaw. Such a reference is an implied reference. The reference to a future date needs not only be definite but also explicit. The requirement of explicitness insures that the parties to the contract have knowingly agreed to alter the usual statute of limitations provided in the Uniform Commercial Code. Any implied reference to harvest time does not provide the clear explicitness needed to be sure that the parties agreed to a different time limit on any warranty actions.

Since there is no explicit reference to any future date in the express warranties that defendants made with regard to the seed, any action based on those express warranties must be brought within four years of delivery of the seed to plaintiff. Plaintiff did not file suit within four years of delivery. Thus, like his claims based on implied warranties, the claims based on the express warranties are time barred.

Once plaintiff discovered that the fruit was deficient in September 1975, he had until March 1979 to file suit. Plaintiff did not act until June 20, 1979, when he filed this complaint. Plaintiff acted too late. Defendants' motion for summary judgment is granted.

In granting defendants' motion for summary judgment, this Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. In December 1974, plaintiff, Andrew Stumler, purchased Heinz 1439 VF seed from defendant Ferry-Morse Seed Company, which had bought the seed from defendants Thomas A. Castle Farms, Inc., and A. L. Castle, Inc.

2. Heinz 1439 VF seed is described in brochures of defendant and Ferry-Morse as producing a particular kind of tomato. The brochure states that the fruit will be of medium to large size, of medium maturity, with a deep oblate shape that is firm and red.

3. Plaintiff took delivery of the Heinz 1439 VF seed in March 1975.

4. Plaintiff filed suit on June 20, 1979 claiming breach of implied and express warranties.

*Conclusions of Law*

1.  The sale of Heinz 1439 VF tomato seed is a sale of goods as defined in the Indiana Uniform Commercial Code. I.C. 26–1–2–105(1), and a present sale of goods is included on the definition of contract for sale as set out in I.C. 26–1–2–106(1).

2.  Any action for breach of a contract for sale, including an action based on breach of warranty, must be brought within four years of date of delivery unless the warranty explicitly extends to future performance.

3.  An implied warranty by definition cannot explicitly extend to future performance, and the express warranties concerning the type of fruit to be produced do not explicitly extend to future performance.

4.  The four-year statute of limitations began to run in March 1975 when plaintiff took delivery of the seed.

5.  Since plaintiff filed this action after March 1979, plaintiff's claims are time barred.

6.  There are no genuine issues of fact in dispute, and all defendants are entitled to summary judgment.

Dated this 19th day of May, 1980.

/s/    S. Hugh Dillin, Judge